The opinion of the Court was delivered by
Parsons, C. J.
The sheriff, when sued as trustee, had no goods or effects of Ross in his hands, the money he received not being Ross’s property. He had no credits of Ross in his hands, because the sum levied had not been demanded of him; and until then Ross could maintain no action against him.
These principles were recognized in the case of Wilder vs. Bailey & Trustee (1). ■ When we consider the parties in this case, the necessity of applying these principles is manifest. Here there is an attempt by the judgment debtor, after he has satisfied an execution, to arrest the money in the hands of the sheriff, and thus delay the judgment creditor from receiving his debt. True it is, that the principal defendant has .by his default confessed the cause of action; and in this particular case, perhaps, there might be no inconvenience in admitting the sheriff to be trustee. But the law cannot bend to particular cases; and were we to decide, that the money made by the execution was a credit of the judgment creditor in the hands of the sheriff, before demand made on him, the same decis- [ * 320 ] ion must be had * in all cases; as well when the de mand of the attaching creditor was fictitious, as when it was bond fide and egal.

Let the trustee be discharged.

 3 Mass. Rep. 289.