* Sewall, J.,
pronounced the judgment of the Court. [ *417 ] The defence set up in this action, upon a promissory note given by the defendant to Sarah Sanger, one of the plaintiffs, is a want of consideration, or rather a failure in part of the consideration of the note; which the defendant contends is to be reduced, as to the damages recoverable in the action maintained upon it, to the sum actually due and understood in the bargain between these parties. The defendant says this was a purchase of real estate, conveyed to him by the brother of the payee, one of the plaintiffs in this action, at her request; and as the title so conveyed has failed in part, has been subjected to a charge and encumbrance, which he has been constrained to discharge, there is to be a proportionate deduction from the damages recoverable on the breach of the promise expressed in this note.'
We are disposed to allow the inference, if the premises are correctly stated, and proved or provable by the evidence in the case. But we think, upon full consideration of the question, that the defendant resorts, for his defence, to a supposed consideration of this note, not understood or contemplated by the parties, when the contract was made, in which the note originated; or, at least, that the defendant has no competent evidence of any stipulation or contract, on the part of Mrs. Sanger, which can now avail the defendant to maintain this defence.
Mrs. S., one of the plaintiffs, had in her possession the bond of her brother, in the penalty of a thousand dollars, given upon the condition that he would pay all the debts of their father, and would convey to her the portion of the estate of her father, which has been since conveyed to the defendant. It was to be conveyed to her free of all encumbrances and demands. Mrs. Sanger’s title in the estate to be released and assured to her did not depend altogether upon this bond. In part, at least, it was derived to her from her father; and the bond was to be regarded as having the effect of a partition among his heirs at law, and also as an * indemnity against his debts. The contract between [*418] the administrator, the obligor in the bond, and the heir, was absolute. The real estate, to be assigned to her according te *414 the condition of the bond, was to be acquitted and fully indemnified, by the charge and care of the administrator, against the debts of the father; and it was not to be subject, as in ordinary cases of partition, to any claims of reimbursement or contribution for debts afterwards appearing; so far, at least, as the administrator was concerned ; for he had by this bond barred himself, and had undertaken to indemnify against all claims of that kind.
Nowt, there is no competent evidence suggested, on the part of the defendant, to prove that, in his favor, and upon the bargain of this estate to him, Mrs. Sanger parted with her security against her brother, and took upon herself the risk of debts, which might thereafter appear against the father’s estate, and against which she had a full indemnity. The only regular or competent evidence to that effect would have been her becoming a party to the deed by which the estate was conveyed to the defendant, or in some collateral assurance of his title. An acknowledgment of payment from the defendant, and a request to the obligor to convey to the defendant the estate contracted to be assigned to Mrs. S., supposing there is evidence to that effect, are circumstances by no means sufficient to induce the conclusion, in point of fact, for which the defendant contends, viz., that Mrs. S. became, therefore, collaterally engaged for the assurance of the defendant’s title. For this he relied upon his deed from Ebenezer Clark; which was obtained, indeed, with her concurrence, as having the beneficial title bargained to her by the same Ebenezer. But the conveyance was not made with any collateral assurance of the title on her part. There is no competent evidence suggested in the case, to a purpose of that kind ; which would be a contract respecting a title in real estate, or for the debt of another, for which there must be written evidence. [ * 419 ] *Upon the whole, it is our opinion that the plaintiffs are entitled to the whole sum due by the note, without any deduction; and the verdict is to be so amended, and judgment to be entered thereon accordingly. (a)
ADDITIONAL NOTE.
[Where a note is given for the price of land, conveyed with warranty, it is a good defence tc an action on the note by the payee, that the title has wholly failed.— Rice vs. Goddard, 14 Pick. 293. — So also, if the action is brought by one who took an assignment of the note, after maturity, though the promisor before failure of his title agreed to pay the note. — Ibid. — Washburn vs. Picot, 3 Dev. 390. — Hansford vs. Mills, 9 Port. 509.
See Trask vs. Vinson, 20 Pick. 105. — Dyer vs. Homer, 22 Pick. 253. — Middlesex, &c., vs. Davis, 3 Metc. 133. — Stevens vs. M'Intire, 2 Shepl. 14. — Freligh vs. Platt, 5 Cow. 494. — Lattin vs. Vail, 17 Wend. 188. — Pinney vs. Hall, 1 Hill, (N. Y.) 89.— Payne vs. Ladue, 1 Hill, 116. — Decker vs Eisenhauer, 1 Penns. 476. — Barnet vs *415 Offerman, 7 Watts, 130. — Vincent vs. Morrison., 1 Brc. 176. — Meadows vs. Hopkins, 1 Meigs, 181. — Morehead vs. Gayle, 2 Stew. P. 224.
A took from B a note, the only consideration of which was a promise by the former to convey to the latter, on payment of the note, certain land, if A should own it; if not, to buy it as cheap as he could, and let B have it at cost. Before maturity of the note, A died insolvent, having no title. Held, the note was void, for failure of consideration.— Tillotson vs. Grafes, 4 N. H. 444.— Cook vs. Mix, 11 Conn. 432.
The maker of a note may set up failure of consideration against a purchaser of it, without proving any more notice, than that the circumstances attending the transfer should have put him on his guard.— Cove vs. Baldwin, 12 Pick. 545.
To a suit by a bond fide endorsee against the maker, it is no defence, that the .face of the note shows it to have been given for a patent which has proved valueless. — Goddard vs. Lyman, 14 Pick. 268. — But an endorsement “ at the risk and cost of the endorsee,” does not authorize the jury to infer that he knew or suspected the w >rth lessness of the patent. — Ibid. — F. H.]

 [Vide Knapp vs. Lee, 3 Pick. 452. — Bliss vs. Negus, 8 Mass. Rep. 46. — Ed.]