### John Thompson *versus* Nehemiah Brown.

Where an officer has received money in satisfaction of an execution, he cannot, be-
fore it is paid over to the creditor, attach it upon a writ against the creditor.

Where an officer, having received satisfaction of an execution, refused to pay over
the money, because, by direction of the debtor, he had attached it on a writ in
favor of the debtor against the creditor, he was subjected to the statute penalty of
thirty per cent. interest for unreasonably neglecting and refusing to pay over money
collected on execution.

This was an action upon *St.* 1783, *c.* 44, § 3, against a
deputy sheriff. By an agreed statement of facts it appeared,
that on December 9, 1833, an execution was issued in favor
of the plaintiff against one James Alley, for the sum of
$205.77 ; that it was delivered to the defendant, who was a
deputy sheriff, for service ; that on the 12th of December,
John W. Proctor, the attorney of Alley, delivered to the de-
fendant his check drawn upon.the Warren Bank of Danvers,
for the amount of the execution, which the defendant con-
sented to take as cash ; that Proctor immediately, upon the
receipt thereof by the defendant, directed him to attach the
same upon a writ issued in favor of Alley against the plaintiff,
which Proctor had just before put into the defendant's hands ;
that Leverett Saltonstall thereupon, as the attorney of the
plaintiff, demanded of the defendant the amount of the execu-
tion, but that he declined paying it, saying that he had attached
it as directed, upon the writ of Alley ; that on the 14th of
December, the plaintiff demanded of the defendant the money
collected for him on the execution, and told him that he should
hold him responsible for thirty per cent. interest if he refused
to pay it, but that the defendant refused to pay the amount of
the execution, and had never paid the plaintiff any part thereof,
and that the action commenced by Alley against the plaintiff
was still pending.

If, upon these facts, the Court should be of opinion, that
the defendant had unreasonably neglected or refused to pay
over the money collected by him, then the defendant was to
be defaulted, and judgment to be entered for such sum as the
Court should order ; otherwise the plaintiff was to be non-
suited.

*Saltonstall* and *Choate*, for the plaintiff, to the point, that an officer who has received money on execution, cannot, before demand made by the execution creditor, attach it on a writ in favor of the debtor against such creditor, cited *Tur ner* v *Fendall*, 1 Cranch, 134 ; *Wilder* v. *Bailey*, 3 Mass. R. 289 ; *Pollard* v. *Ross*, 5 Mass. R. 319 ; *Ladd* v. *North*, 2 Mass. R. 516 ; *Staples* v. *Staples*, 4 Greenl. 532.

*Proctor*, for the defendant, cited on the same point, *Turner* v. *Fendall*, 1 Cranch, 134 ; Howes's Pr. 160, 161 ; *St.* 1822, c. 93, § 5.

SHAW C. J. delivered the opinion of the Court.

1. This question goes entirely wide of the question, whether money or bank notes of a debtor can be attached on mesne process or execution, if found by the officer in the debtor's own custody or that of another person ; and this may be a difficult question upon the authorities. In the case hereafter cited from Cranch, the Supreme Court of the United States considered that it might be. [See Revised Stat. *c.* 97, § 20, 21.]

2. The circumstance which appears in the present case, that the officer held Mr. Proctor's check, and not actual money, makes no difference. As a check, it is contended by the plaintiff, that it was not liable to be attached, because nobody could claim payment but the payee or holder, and because it was in the nature of a contract and security for money, constituting not visible and tangible property, but a chose in action. It is very clear that, as a chattel, it was not liable to attachment.

But on the other hand, we think the officer was not the less liable because he had not collected money. It was his own check, he received it as money, he became immediately iable as for money, and he is to be deemed in the same condition as if he had received bank notes or cash.

3. This brings it to the general question, whether an officer, who has received money on execution, can, before payment over, receive a writ against such execution creditor, and on such writ attach the money, and excuse the non-payment to the judgment creditor, on the ground of such attachment. We consider this question to have been for a considerable time settled in this Commonwealth.

Thompson
*v.*
Brown.

In several cases decided about twenty-five years ago, it was settled, that an officer could not be held as the trustee of the execution creditor, on an attachment, after having received the amount of the execution. *Wilder v. Bailey*, 3 Mass. R. 289 ; *Pollard* v. *Ross*, 5 Mass. R. 319 ; *Staples* v. *Staples*, 4 Greenl. 532.

The grounds and principles upon which those decisions proceeded apply quite as strongly to exclude the right of attachment, claimed in the present case. The sheriff is an officer of the law, and the property is *quasi* in the custody of the law ; and the money thus received, before payment to the creditor, cannot be considered as the property of the creditor.

The same point was expressly decided by the Supreme Court of the United States, in the case of *Turner* v. *Fendall*, 1 Cranch, 134, and this case was cited and relied on as one of the principal grounds of decision, by one of the judges, in *Wilder* v. *Bailey*, in this Commonwealth.

It was argued, that the attachment was warranted by the principles of the *St.* 1822, *c.* 93, regulating attachments, though not within the letter of that act. But the Court are of opinion that there is no analogy between that and the present case, and that the statute is founded on different principles. By the statute, money in the hands of an officer is rendered liable to attachment on mesne process or execution, because it is the proceeds of property, which would itself be liable to such attachment. The obvious policy and the direct purpose of that law is, to authorize a sale, in certain cases, in order to avoid expense of keeping, fall of price and the loss of market, waste and decay, and to substitute indestructible money for destructible goods. As the goods, if they had remained specifically, would have been liable to further attachment, it was reasonable to provide that the money should be subjected to tne same liability.

Under the circumstances of the case, we are all of opinion, that the plaintiff is entitled to the statute damages.

*Defendant to be defaulted*