## Case No. 4,416.

### ELMINGER v. DREW.

[4 McLean, 388.] [1]

Circuit Court, D. Michigan. June Term, 1848.

Bates, Hand, Barstow & Lockwood and Douglass & Walker, for plaintiff.

Mr. Frazer, for defendant.

OPINION OF THE COURT. This is an action of assumpsit by the indorsee against the indorser of a note. The declaration contains eleven counts. The first count states that E. Morse & Co., made their promissory note on the 10th of March, 1838, for fifteen hundred dollars, payable sixty days after date, to the order of defendant, at the office of the American Fur Company, in the city of New York; which note was assigned by the defendant to the plaintiff, was duly presented for payment, and protested. The 2d count was substantially the same. The 3d count the same, and in addition, that the makers of the note, who were commission merchants, transferred to the defendant a

[1] [Reported by Hon. John McLean, Circuit Justice.]

large amount of merchandise to indemnify the defendant, for his indorsements, etc., and, therefore, that he was not entitled to notice, etc. The 4th count was substantially the same as the third. The 5th count, that the said Morse & Co., made their certain other note in writing, on the same day payable to the defendant, at the same place, four months after date, for eleven hundred. and one dollars, which was indorsed by the defendant to the plaintiff, that at maturity the note was presented at the place of payment, and due diligence used, etc. The 6th count states the making of the said note, payable to the order of the defendant, which was indorsed by him; and due diligence was used, etc., and that at the time the note was executed, a large amount of merchandize was transferred to defendant for his indemnity, etc. The 7th count was substantially the same. The four following were the general counts:

The defendant pleaded, 1. The general issue. 2. That the American Fur Company are the owners of the notes sued on, which company is incorporated, and that some of the corporators reside in the district of Michigan. The third plea is to the same effect. The 4th plea. That previous to the execution of the notes, E. Morse & Co. contracted with the American Fur Company to purchase a large quantity of white fish, at eight dollars per barrel; and that the company warranted the fish to be well cured, good, sound, and wholesome, on which six hundred barrels were purchased, and that the notes were executed in part payment of the same, and avers that the fish were not well cured, but were bad, unsound, unwholesome, and of no value whatever. That the said notes were assigned to the plaintiff after their maturity, to wit, on the 1st of February, 1842, and at the place last aforesaid. 5th plea. That E. Morse & Co. purchased six hundred barrels of white fish, at eight dollars per barrel, from the company, who fraudulently and deceitfully and knowingly stated and represented to said E. Morse & Co. that the fish were well cured, good, sound, and wholesome; that the same were unsound, etc., and of no value. 6th plea. That the defendant was a mere accommodation indorser on the notes. That the plaintiff by an instrument of writing, gave to Morse & Co. six months' time for a valuable consideration paid, for the payment of the notes, by which the defendant was discharged. 7th plea. That defendant was an accommodation indorser, and received no consideration therefor, that six weeks' time to the maker was given, after the notes became due, etc. 8th plea. That defendant was an accommodation indorser, and that six months' time was given, etc. 9th plea. That time was given, etc., for a valuable consideration, etc. 10th plea. That the promises in the 2d, 3d, 4th, 6th, 7th, 8th and 9th counts, were the same as set forth in the first and fifth counts, and that he received no consideration there-

for, and that without the assent or knowledge of defendant, for a valuable consideration, time was given.

The plaintiff replies to the 2d plea that the notes were not the property of the fur company at the time stated in the plea, and tenders an issue. To the 3d plea issue was joined. To the 4th and 5th pleas the plaintiff demurs, and assigns causes of demurrer. On these pleas the principal points arise on the pleadings. The defendants joined in demurrer.

The first cause of demurrer alleged "that the property was not returned or offered to be returned;" it is insisted by the defendant that it was not necessary to aver any such thing. Chief Justice Spencer says: "We know of no case in which there is an omission to return the article agreed to be sold which precludes the defendant from contesting the price on the ground that it was not returned to the vendor." See 18 Johns. 141; 17 E. C. L. 373, 121, 291; 3 N. H. 455. And the counsel remark, it was held in the above case, "that though the defendant had not returned or offered to return the hats, she might in an action brought against her, nevertheless, insist on a deduction of the price originally agreed to be paid, in proportion to the diminished value." This, it is contended, is the settled doctrine in this country and in England. The rule is, as contended, "that if there is no beneficial consideration there shall be no pay." 1 Camp. 38, 190; Peake, 59, 216; 2 N. R. 136. A promissory note given on the sale of a chattel, fraudulently represented by the seller to be of great value, when in fact it was of no value, is without consideration and void. So where there is a warranty, and the return of the property is unnecessary; and it is insisted that it is immaterial whether the suit is brought on the original contract or on the security for the purchase money. Even a partial failure, if fraud intervene, is a good defense. 5 Mass. 46; 2 Taunt. 2; 1 Esp. 201; 1 Camp. 41, note; Bayley, Bills & N. 533, notes 7, 8; Miller v. Smith [Case No. 9,590]; 10 Mass. 415. There is great conflict in the authorities, whether a partial failure of the consideration may be set up in defense, in an action on the note given for the purchase money. The authorities all agree that where there is a total failure of the consideration, it is a good defense; or where the parties have agreed upon the amount, the failure being partial, defense may be made. But where the question as to the extent of the failure is open, the weight of authority is against the argument of defendant's counsel.

The article purchased, six hundred barrels of fish, is alleged to have been badly cured, and of no value, and the warranty of the vendor was, that they were well cured, etc. But there is no averment in any of the pleas that the barrels are worthless, and it is difficult to say, that there is a total failure of the consideration. The barrels, at twenty-five cents each, would be worth one hundred and fifty dollars, which, it is true, is an inconsiderable amount when compared to the sum of four thousand eight hundred dollars, agreed to be paid for the fish; yet there is no rule by which the court or jury can limit a defense in such a case. The failure, if matter of defense, cannot depend upon the extent of it. If it be less than total, it must avail the defendant, to the amount of it, on principle, however inconsiderable it may be, when compared to the purchase money. In the case of Greenleaf v. Cook, 2 Wheat. [15 U. S.] 13, the court say, "where a promissory note has been given for the purchase of real property, with full knowledge of the extent of an incumbrance, defect of title, arising from that incumbrance, is no legal bar to an action on the note." And they say, "that any partial defect in the title is not inquirable into in an action on the note in a court of law, but the party must seek relief, if any where, in chancery." There may be cases in which, to set up a partial failure of consideration, would be attended with but little difficulty, and, in the language of Chancellor Kent, would avoid a circuity of action. But the question is, not what might be practicable in some cases, but what is the best and safest rule on the subject. I say this, because there are decisions both ways. Now, where there had been a partial failure or defect of title, as in the above case cited from Wheaton, two issues would be presented: First, as to the execution of the instrument on which the action is brought; and, second, the extent of damage by the partial failure of title. Can both of these be submitted to the same jury; or would the defendant be required to admit the execution of the instrument, on pleading the partial failure? If this were adopted as a general principle, it would lead to embarrassment, if not uncertainty in pleading. A jury would not be the most competent tribunal to investigate an intricate controversy as to land titles; and if the partial failure had not been settled judicially, must the court and jury inquire into the title, and determine it? This would require another party to be brought before the court, who had no interest in the original suit. Such a course would be impracticable.

Where goods are sold and delivered with warranty, and a negotiable note is given in consideration of such sale and delivery, if the contract be absolute, such breach of it cannot be set up as a defense to an action on the security; unless the contract be rescinded by the consent of both parties, it remains open. Chit. Cont. 742, 743, note 495; 28 Wend. 114; 2 Hill, 293; Thornton v. Wynn, 12 Wheat. [25 U. S.] 183; 6 Conn. 508, 514; Power v. Wells, Cowp. 818; Weston v. Downes, 1 Doug. 23; 1 Term R. 135, 136. If the contract be yet open, the plaintiff's demand is for unliquidated damages, on a special contract of warranty; and the issue as to whether there has been a breach of war-

ranty cannot be tried, except on a special action on the warranty. Lewis v. Cosgrave, 2 Taunt. 2; Chit. Cont. 465. The case of Obbard v. Betham, 22 E. C. L. 363, enforces the distinction between an action for the price of goods and one brought on a security given, on the authority of Morgan v. Richardson, 1 Camp. 40, note, Tye v. Gwynne, 2 Camp. 346, cases which the court say have always been acted on, and the court expressly applies the doctrine to cases where there has been a warranty. 19 E. C. L. 121; 1 Term R. 133; Solomon v. Turner, 2 E. C. L. 291. The case of Moggridge v. Jones, 14 East, 486, is a strong case to show that in an action on a note the rule is strict with regard to letting in defenses founded on want of consideration. 25 Wend. 107. In New York, the English rule that partial failure of consideration can not be shown in evidence in an action on a note, has not been observed. 8 Wend. 109; 25 Wend. 114; 12 Wend. 566; Story, Bills, 204; 17 E. C. L. 121. A partial failure can not be set up as a defense to the note given for the purchase money. [Thornton v. Wynn] 12 Wheat. [25 U. S.] 183; 12 Wend. 566; 5 Mass. 319; 18 Pick. 95; 1 Metc. [Mass.] 547; 2 Kent, Comm. 480; 5 East, 449; 2 Barn. & Adol. 456.

The 5th plea sets up fraud and deceit; but does not aver an offer to rescind the contract by returning the property which, as appears from the plea, the defendant received, and still retains. Fraud, undoubtedly, avoids a contract. But, whenever the purchaser retains the property, it is evidence, in law, that he abides by the contract; and it is consequently considered as binding between the parties. And the only difference between such a case and one of warranty is, that the party defrauded may, at his own option, rescind the contract in a reasonable time. To this there may be an exception where, from the circumstances, it is impracticable to return the property, as the death of a horse, etc., and in such a case a notice should be given to the vendor. 2 Taunt. 2; [Jackson v. Chew] 12 Wheat. [25 U. S.] 153; 2 Hill, 292; 14 East, 486; 2 Kent, Comm. 480; 1 Metc. [Mass.] 547; Chit. Cont. 679, 680, 743; 15 Mass. 319; [Thornton v. Wynn] 12 Wheat. [25 U. S.] 193; Beecker v. Vrooman, 13 Johns. 302; [Boyce's Ex'rs v. Grundy] 3 Pet. [28 U. S.] 215; Scudder v. Andrews [Case No. 12,564]. In the case above cited from 12 Wheat. [25 U. S.] the court say, "If the sale be absolute, and there is no subsequent consent to take back the article, the contract remains open, and the vendee must resort to his action on the warranty." But, in such a case, where there had been a total failure of the consideration, it might be set up in defense. From the authorities cited on both sides, it will be seen, that courts differ as to the right of a defendant to set up a partial failure, in defense, to an action on the note given; but the weight of authority, especially in England, is against the right. And such I considered to be the established doctrine of the supreme court, as declared in Scudder v. Andrews [Case No. 12,564], above cited. A very recent decision, not yet reported, in the supreme court, has overruled the cases in that court. But, as the light of that opinion was not given, until long after the decision of the case now before us, the decision must be reported as it was pronounced. In its entombment, this opinion will not be dishonored; for it will repose, at least as regards the decision of the above point, by the side of the opinions of illustrious judges.

The 6th plea avers that the defendant indorsed the note for the accommodation of E. Morse & Co., the makers, and without consideration; and that the plaintiffs, for a valuable consideration, agreed with E. Morse & Co., without the assent of the defendant, to extend the time of payment, etc. The replication traverses the averment that the defendant indorsed for the accommodation of E. Morse & Co., and avers, that he received a valuable consideration therefor, and denies the agreement to extend the time of payment, etc. To this replication the defendant demurs, for duplicity in traversing both the averments, that the defendant was an accommodation indorser, and the averment that time was given. It is admitted to be a rule of pleading, where, on one side it consists of several distinct and material facts, all of which are necessary to its legal sufficiency, the adverse party is allowed to traverse only one of them. A denial of either of them in law is an answer to the whole. A denial of more than one of such distinct and material points, is duplicity. U. S. v. Cumpton [Case No. 14,902]; Gould, Pl. 406, § 49. The averment in the plea, that the defendant was an accommodation indorser, as regards the extension of the time of payment, could be of no importance. If the time were extended, for a valuable consideration, as alleged, the indorser is discharged, whether he was an accommodation indorser, or indorsed for a valuable consideration. That allegation in the plea may be considered as surplusage, for in no point of view, as regards the extension of time, raised in the plea, could such allegation be of any importance. Story, Bills, § 191; Brown v. Mott, 7 Johns. 361. To avail himself of the fact of his being an accommodation indorser, the defendant must aver and prove, that the plaintiff gave no value for the notes, or took them over due. He will be presumed to be a holder for value, unless the contrary be made to appear. 3 Phil. Ev. 447; Swift v. Tyron, 16 Pet. [41 U. S.] 16; Bramah v. Roberts, 27 E. C. L. 464. The demurrer to the above replication is overruled. The demurrers to the fourth and fifth pleas are sustained. Leave given to amend the pleadings of either party, etc.