The cause stood continued to this term for advisement; and now the opinion of the Court was delivered by
Parker, C. J.
It must be taken for granted^ from the facts reported in this case, that Joseph Warren, the original owner of the lot of land over which the road passed, was the proprietor of the whole lot, including the way which is supposed then to have existed ; and that this way was only an easement, acquired by the town or the public, either by the grant of Warren, or his predecessors, or by prescription, or by a lawful appropriation of it under the then existing provisions for the establishment of highways. Warren, then, m whichever way the easement was acquired, would be the lawful proprietor of the soil over which the way ran, with a right to make any disposition or use of it not inconsistent with the public right of passing over it. The memorandum in his deed to the ancestor of the demandant is not an exception from the grant, of any part of the land included within the boundary lines ; and would amount only to a declaration, that the way was to continue, notwithstanding the grant, and might, also, as suggested at the bar, have been intended to prevent the grantee from charging, as a breach of covenant, the existence of this easement, which otherwise might be considered an incumbrance upon the title. His deed, therefore, passed the whole interest in the land to the ancestor of the demandant, subject to the easement recognized in the memorandum. By the devise of John Alden, the grantee of Warren, the land came, subject to the same * easement, to Joseph Alden, the demandant’s father, who being dead and leaving the demandant his only heir, the title must be considered as regularly deduced.
The demandant, owning the land in the same manner as Warren, John Alden, and Joseph Alden did, must recover ; unless he has parted with it by contract, or lost his remedy by lapse of time.
He has conveyed to sundry persons divers parts of the forty-acre lot, bounding all the different parcels upon the road ; so that his grantees can claim no title to the land over which the road runs ; † *212 and, according to the principles of the common law, upon the discontinuance of the road a right to the complete occupancy of the soil would revert to the demandant ; the fee being in him, and the easement taken away by lawful authority. This must have been the result, had the way been only a public way, and had not its continuance been provided for in the early conveyance of Warren to John Alden. For the seizin must be considered as continuing with the seizin of the land adjoining upon the road.
In this action the soil itself is demanded, and the right to it is defended by the tenant by his plea of nwl disseizin In an early stage of the action, a different mode of pleading might have saved the costs of the suit to the tenant. For, as the demandant’s title is incumbered with an easement, and as the demandant himself recognized the existence of the way when he conveyed to the tenant, bounding him and his other grantees upon a road, had the tenant pleaded a special non-tenure in abatement, claiming only a right of passage over the land, he probably would have prevailed.
The result of the present pleadings will be the same as to the title, although not as to the costs. For the tenant has made full defence to the action, whereby he has admitted the possession of the soil to be in him ; which possession he cannot maintain, according to the principles before stated.
* The demandant, therefore, must prevail in the action ; but he will hold the land, the title of which is in him, subject to the easement, if it shall appear, upon a future inquiry, that such easement lawfully exists.
The mere discontinuance of the way by the Court will not operate to extinguish the rights of the grantees of the demandant to claim and use the land demanded, as a way ; and they can maintain this right by an action, if they shall be interrupted in the use of it.

New trial granted.

 [See 21 Pick. 292, (297). — Ed.]