Per Curiam.

The public have only an easement in this land. The owner of the land retains his right in the soil, and may maintain trespass. If the ploughing had been for the purpose of mending the road, by direction of the turnpike corporation, that would have been a good defence. The plaintiff is entitled to a verdict against Charles Borman, although the damages may be nominal.[1]

Judgment according to the verdict.

 Hart v. Chalker, 5 Conn. R. 311; Stackpole v. Healy, 16 Mass. R. 33; Alden v. Murdock, 13 Mass. R. 256; Jackson v. Hathaway, 15 Johns. R. 447, Makepeace v. Worden, 1 N. Hamp. R. 16; Babcock v. Lamb, 1 Cowen, 238; Bolling v. Mayor, &c. of Petersburg, 3 Randolph, 563. The owner of the soil over which a turnpike road is laid out, may maintain trespass against the servant of the turnpike corporation for taking the herbage. Adams v. Emerson, 6 Pick. 57; Chambers v. Furry, 1 Yeates, 169. But a turnpike corporation may make any use of the land over which the road is located, which is necessary for the enjoyment of its franchise. It may, therefore, cause a dwellinghouse to be erected for the toll-gatherer, and trees to be cut down, and a cellar and well to be dug for the accommodation of the house on such land. Tucker v. Tower, 9 Pick. 109. Where a canal is constructed through a highway, the town in which the highway lies, although it is obliged to maintain it, is not entitled to any damages under a statute providing for the assessment of damages to the owners of land through which the canal passes. Inhabitants of Milbury v. Blackstone Canal Co. 8 Pick. 473. See Sibley v. Holden, 10 Pick. 249; Whitbeck v. Cook, 15 Johns. R. 483; Pritchard v. Atkinson, 3 N. Hamp. R. 335; Peck v. Smith, 1 Conn. R. 103. Watrous v. Southworth, 5 Conn. R. 308; Woolrych on Ways, 5. In Louisiana, the soil of a highway belongs to the public. Renthorpe v. Bourg, 4 Martin’s Louisiana R. 97.