## SUPREME COURT—IN BANCO.

MANUEL PICO vs. IRA RICHARDSON.

THE defendant, claiming a right of way across the plaintiff's land, as being a highway used by the public at large from time immemorial, can not extend such right by using the path in a different or more enlarged manner than what had been the usual custom of using the same.

Justice ROBERTSON delivered the decision of the Court as follows :

This is an action of trespass *qu. cl. fr.*, brought for the alleged wrongful entry of the defendant upon a certain pasture land, held by the plaintiff under a lease from Governor Kekuanaoa, and for daily driving a herd of cattle over the same, subsequently to the 1st of April, 1860, to the damage of the plaintiff. The action was commenced as of the July term, 1860, and has been heard by the Court, without the aid of a jury, by agreement of the parties. The land leased by the plaintiff is called "Kalaepohaku," and is situated on the tapering mountain ridges between the valleys of Nuuanu and Kalihi.

The defendant admits that he has been in the habit of driving a herd of cows over the plaintiff's land, twice every day, to and from Kalihi to his own homestead in Nuuanu valley; and claims to justify his doing so on the ground of there being a public highway over the land in question.

A large amount of testimony has been laid before the Court; and we have also had the opportunity, which is often very desirable in cases of this nature, of personally viewing the locality of the controversy.

After a careful examination of the evidence before us, and due deliberation on the case, we are of the opinion that the defendant has failed to establish the existence of a public way over the plaintiff's land, in the place where the defendant has been in the habit of driving his cattle, and where the trespass has been committed.

It is in proof that in ancient times there was a public highway across Kalaepohaku, which entered the land at a point situated a considerable distance seaward, or below the end of what is now known as Judd Street (or Kalihi Street), and which

crossed the land on the plain or flat, under the rocky ridges, from which the land probably derives its name. This was once the common public road, leading to the western portions of the island, but has long since ceased to be used as such; although parts of it are still used as private ways of convenience and necessity by persons residing near its track, and traveling on foot or on horseback.

It is also in evidence that there are two paths crossing the plaintiff's land, on the ridges, located farther inland, or above the place where the defendant has entered with his cattle. These paths have been used more or less, as far back as the memory of living witnesses runs, by people crossing from Nuuanu valley to Kalihi, on foot or on horseback; and there is no proof that these paths are not still used by the public in that manner, at least to a limited extent.

But this cannot avail the defense; for, while the defendant has a right to use those paths as the public at large may use them, he cannot by any means claim the right to use either of the paths as a *drift-way* for crossing the plaintiff's land with a herd of cattle or other animals; for there is no evidence of the existence of such a way there, nor of a public highway of such a character as can be held to include a drift-way. The plaintiff is therefore entitled to judgment, but in view of all the circumstances of the case, we think the damages should be merely nominal.

Let judgment be entered as of the last day of the July term, in favor of the plaintiff, for five dollars damages, and for the costs.

Mr. Bates for the plaintiff.

Mr. Harris for the defendant.