## EBENEZER C. BLAKE *versus* SOLOMON HAM.

In ejectment, the fact that the defendant has an easement in the demanded premises constitutes no bar to the plaintiff's right of recovery.

ON EXCEPTIONS from *Nisi Prius*, DANFORTH, J., presiding. WRIT OF ENTRY.

This action has previously been before the Court. Vol. 50, p. 311.

The defendant offered to prove :—

1. That he had an easement by prescription in a portion of the demanded premises, as per brief statement; and

2. That part of said premises embraced a public highway called a passageway, in which the defendant had a right to pass, and to occupy the same so as not to obstruct the public travel; all of which was excluded, *pro forma*, and the defendant excepted. Whereupon the defendant was defaulted, the default to be taken off if the above ruling should not be sustained by this Court.

*Granger & Madigan*, for the plaintiff.

*J. Burnham*, for the defendant.

APPLETON, C. J.—This is a real action. The defendant claims an easement in the demanded premises. But such easement constitutes no bar to the plaintiff's right to recover.

If disturbed in the enjoyment of his easement, the defendant may enforce his rights by a suit against those by whom the disturbance is caused.

These principles are affirmed by repeated decisions in this State and in Massachusetts. *Thompson* v. *Proprietors of Androscoggin Bridge*, 5 Greenl., 6; *Blake* v. *Clark*, 6 Greenl., 440; *Hancock* v. *Wentworth*, 5 Met., 450; *Morgan* v. *Moore*, 3 Gray, 319.

*The plaintiff is entitled to costs.*—*Default to stand.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.