JAMES W. BRADBURY and others *vs.* GEORGE CONY.

*Estoppel.*

The parties owned adjoining lots. The defendant building first, constructed an entire wall next the plaintiffs' lot. Subsequently the plaintiffs built; and instead of constructing another wall availed themselves of the defendant's, and thereupon the parties submitted in writing the defendant's claim "for pay for building a part of the brick partition wall, the center line of which is the dividing line between said blocks," to referees, who made an award which the plaintiffs paid. In a real action to recover possession of the land lying between the center and that portion of the wall next the plaintiffs' land, *Held*, that the recital in the submission did not estop the defendant from showing where the true line is.

ON REPORT.

WRIT OF ENTRY claiming to the center of the partition or dividing wall between the plaintiffs' block and the Cony House, owned by the defendant. The defendant claimed the dividing line to be the south side of the wall, and disclaimed all of the demanded premises, except that portion between the center of the wall and the south side of the same.

The plaintiffs, after introducing their title-deeds, with evidence tending to show that the demanded premises are the same as described in their deeds, put in an agreement, award, and receipt of the following tenor respectively, omitting the signatures :

"It is agreed between George Cony on the one part, and James W. Bradbury, jr., in behalf of himself and the other owners of the Bradbury & Smith block on the other part, to submit the claim made by said Cony against said Bradbury and other owners of said Bradbury & Smith block, for pay for building a part of the brick partition wall, the center line of which is the dividing line between said blocks, to the determination of Artemas Libbey, of Augusta, and Walson F. Hallett, of Augusta, whose decision shall be final in the case, and each party binds itself to abide thereby."

"We, the undersigned, referees appointed by the agreement of the parties as above, having given the parties due notice of the time and place of a hearing, met them at the office of A. Libbey, in Augusta, on the 8th day of November, 1867, and after hearing their proofs and arguments touching the claims submitted to us, and fully considering the same, award and determine, and this is our final award and determination in the premises, that the said Bradbury and others, owners, pay to said Coney the sum of two hundred and twenty-five dollars and nine cents in full for the claim submitted to us."

"Received of James W. Bradbury, jr., two hundred and twenty-five and nine one-hundredths dollars in full payment of the within award."

There was annexed to the agreement an account comprising the items of the expense of constructing the wall, amounting to $622.78, one-half of which the defendant claimed of the plaintiffs.

The defendant offered evidence tending to show that the south line of the wall was the true line between the lots; but the presiding judge intimated that the agreement and the action of the parties under it estopped the defendant from showing that the center of the wall was not the true line; and thereupon this case was taken from the jury and reported to the full court.

If the defendant was not estopped from showing that the center of the wall was not the true line, the case to stand for trial.

*J. W. Bradbury, jr.*, for the plaintiffs.

On the nature of estoppel. 2 Pars. on Cont. 787, 793; *Piper* v. *Gilman*, 49 Maine, 149; 1 Greenl. on Ev., § 207; *Kinney* v. *Farnsworth*, 17 Conn. 356; *Wallis* v. *Truesdale*, 6 Pick. 455; *Freeman* v. *Cooke*, 21 H. & G. 653; *Piper* v. *Gilman*, 49 Maine, 149; *Wood* v. *Pennell*, 51 Maine, 52; *Stanwood* v. *McLellan*, 48 Maine, 275; 2 Smith's Lead. Cas. 531, 532; *Hatch* v. *Kimball*, 16 Maine, 146; *Colby* v. *Norton*, 29 Maine, 412; *Copeland* v. *Copeland*, 28 Maine, 539; *Rangely* v. *Spring*, 28 Maine, 135.

It applies to real estate. *Brown* v. *Wheeler*, 17 Conn. 345; *Lindsey* v. *Springer*, 4 Han. 547; 2 Pars. on Cont. 796 *n.*

The written agreement fixed the division line. It is certain, definite. The parties acted on the agreement. Plaintiffs paid, defendant received the amount awarded.

The items of the account, exclude all idea of the defendant's claim of the whole wall or of land under it. They are a clear recognition of the plaintiffs' right to the center of the wall.

*J. Baker*, for the defendant, contended *inter alia*,

That it was solely the brick wall that was submitted, and the referees' award relates to that only. No element of land was in contemplation. By the reference, award, payment, and receipt, the plaintiffs purchased half the brick wall, and the defendant is estopped to deny it. Thus far his acts and admission go and no further. As incident to the wall, the plaintiffs also acquired an irrevocable license for the wall to rest on the defendant's cellar wall and land, so long as the wall shall stand, and may be protected

by injunction. 2 Pars. on Cont. 796, note *q*; 1 Story's Eq. Jur. § 388; *Miller* v. *Platt*, 5 Duer, 272; *Batchelder* v. *Sanborn*, 4 Foster, 480; *E. J. Co.* v. *Vincent*, 2 Atk. 83.

·The recital was not in a deed. Nor was the land the subject-matter of the reference, and could have had no influence on the plaintiffs. It is but a parol admission, open to explanation on the question of title.

It is no estoppel, as both parties had some means of knowing the true line.

To constitute an estoppel there must be some secret knowledge on the part of the defendant, not known to the plaintiffs, and not open to them with reasonable diligence, willfully withheld by the defendant, so as to amount to a deception and fraud on his part. *Gray* v. *Bartlett*, 20 Pick. 186, 193; 2 Washb. on Real Prop. 460, 461; *Wilton* v. *Harwood*, 23 Maine, 131; *Titus* v. *Morse*, 40 Maine, 348, 353, 354, 355; *Angel* v. *Martin*, 7 Barb. 409.

Nor is there any evidence from the papers that the defendant knew that his land extended beyond the centre of the wall. If he understood the meaning of the language in the submission, he supposed the center was his line. If the defendant acted under a misapprehension, and has inadvertently and innocently made an admission prejudicial to his rights, he shall not be estopped thereby. *Tolman* v. *Sparhawk*, 5 Met. 475, 476, 477; *Brewer* v. *B. & W. R. R. Co.*, 5 Met. 478, 483; 1 Story's Eq. Jur. §§ 386, 388.

But if the papers and proceedings constitute an estoppel, the plaintiffs are not entitled to judgment, but the case must be remitted for trial.

For by an estoppel, the legal title does not pass from the original owner to the party claiming the estoppel, but it remains in the former.

The legal title is not lost, but a court of equity will not permit the owner to prejudice an innocent party by asserting it. 2 Pars. on Cont. 796, note *q*; *Miller* v. *Platt*, 5 Duer, 272; *Batchelder* v. *Sanborn*, *sup.*; *E. J. Co.* v. *Vincent*, *sup.*

TAPLEY, J.   A controversy having arisen concerning the pay-
ment of the expense incurred in the construction of a wall standing
between a block of the plaintiffs and the Cony House, the plaintiffs
and defendant, in writing agree to submit the claim made to the
determination of two persons named.   The persons named decided
the claim, awarded that which, in their judgment, was due.   In
the writing, submitting this claim to arbitration, is a statement,
that the center line of the wall is the dividing line between said
blocks.   For the purposes of the hearing upon that claim, the fact
thus recited must be taken as true.

Beyond this it was not conclusive evidence of the fact.   In any
other controversy, arising between the parties, when relevant to
the issue raised, this recitation would be evidence for the consider-
ation of the tribunal investigating, of greater or less weight, ac-
cording to other circumstances proved.   It is not an instrument of
conveyance, and of itself is inoperative by way of transfer.   It is
but an admission of a party made in a particular case, and does not
affect the ownership of the fee in the land.   The result in this par-
ticular would be the same whether we limit the word " block," to
the structure raised upon the earth, or extend its significance so as
to embrace the building and the land under it.

The action of the parties under this agreement to refer, was to
determine the joint contribution in the payment of the cost of the
construction of it.   This could have no effect to pass the fee.   That
must be accomplished by deed, or levy, or devise duly made and
executed.   The joint ownership of the wall, or joint contribution
in its construction, is nowise inconsistent with the idea, that the fee
in the land under it, rests solely in either of the part-owners of the
wall.   It may be resting upon the land by license of some kind
from the owner of the soil.

The report presents for our consideration only the agreement to
refer, and the acts of the parties under it.   With the anterior acts of
the parties we now have no concern.   Whether all or any of them
may, or may not, have created an easement in favor of the owners
of the wall for some length of time, is not necessary to decide.   The

fee remains unaffected by these acts, and the estoppel, by way of recitation in the agreement, does not extend beyond the case in which it was made.

The existence of an easement on the land, if found, would constitute no bar to the right of the owner of the fee to recover on a writ of entry. *Blake* v. *Ham,* 53 Maine, 430.

Under the agreement of the parties, the entry must be,

*Case to stand for trial.*

KENT, DICKERSON, and BARROWS, JJ., concurred.

APPLETON, C. J., signified his concurrence as follows :

APPLETON, C. J. I concur in the views of Mr. Justice Tapley. The agreement to refer conveys no title to the fee. It does not purport so to do directly. Neither does it by estoppel. The defendant, notwithstanding the reference and award, may show where the true line is. If the plaintiffs fail to recover, it is not perceived that it can affect their rights to the use and enjoyment of the wall between their store and that of the defendant. If the title should be found to be in the defendant, he would hold the fee subject to the plaintiff's easement, and a court of equity would enjoin him from interfering with the rights to the use of the wall, for which the plaintiffs have paid a full consideration.