### KENNISTON *v.* HANNAFORD.

### DAVIS *v.* HANNAFORD.

Upon a plea of *nul disseisin* to a writ of entry, the tenant cannot set up an easement in the demanded premises; but he will not be estopped by such plea, and judgment thereon, from asserting his rights whenever he shall be disturbed in their enjoyment.

WRITS OF ENTRY. Plea, *nul disseisin*. A referee, to whom the

causes were committed, found for the plaintiffs, severally, " subject to the easement of the defendant to have and maintain the timbers in said wall, as now inserted," &c.   The defendant having elected a trial by jury, the plaintiffs moved that the report be recommitted for the purpose of having that portion thereof relating to the easement stricken out.   The court, *pro forma*, denied the motion, and the plaintiffs excepted.

*S. N. Bell* and *Briggs & Huse*, for the defendant, contended that the title of the plaintiffs being subject to the easement, a finding by the referee, which should not recognize and define the easement, would give an unqualified possession to the plaintiffs.   Such possession could not be given without interfering with the defendant's rights—citing *Rogers* v. *Sinsheimer*, 50 N. Y. 646.

*C. R. Morrison*, for the plaintiffs.

FOSTER, J.   It is no objection to a recovery in a real action, that the tenant has an easement in the demanded premises.   The right of the demandants to the fee and of the tenant to an easement therein, are rights independent of each other, and may well subsist together, when vested in different persons.   A recovery by the demandants will not affect nor disturb the easement of the tenant.   If he shall be interrupted in its enjoyment, he may still assert his rights by appropriate proceedings in law or equity.   *Hancock* v. *Wentworth*, 5 Met. 446 ; *Morgan* v. *Moore*, 3 Gray 319 ; *Alden* v. *Murdock*, 13 Mass. 256 ; *Miller* v. *Miller*, 4 Pick. 244 ; *Tyler* v. *Hammond*, 11 Pick. 193 ; *Trask* v. *Wheeler*, 7 Allen 109 ; *Blake* v. *Clark*, 6 Greenl. 436 ; *Thompson* v. *Prop. of Androscoggin Bridge*, 5 Greenl. 62, 65 ; *Bradbury* v. *Cony*, 59 Me. 499 ; *Brondage* v. *Warner*, 2 Hill (N. Y.) 145 ; *Blake* v. *Ham*, 53 Me. 430.

But as the demandants, in a writ of entry, cannot deprive the tenant of his easement, so neither can the extent of the incumbrance imposed thereby be ascertained or defined in any proceeding in which the quality and extent of such claim is not brought in issue.   See Stearns on Real Actions 202, 207 ; Jackson on Real Actions 91 ; Gale on Easements (4th Eng. ed.) 614 ; *Whidden* v. *Proctor*, 17 N. H. 90 ; *Melcher* v. *Flanders*, 40 N. H. 155, and cases cited ; *Wiggin* v. *Smith*, 54 N. H. 213.   Like extraneous matter in an auditor's report, the superfluous findings may be rejected.   *Bartlett* v. *Trefethen*, 14 N. H. 427 ; *Stevens* v. *Thompson*, 17 N. H. 103 ; *Green* v. *Pickering*, 28 N. H. 360.

The substance and point of the defendant's plea here is, that he is tenant of the freehold and not of a less estate.   But, as we have seen, although he fails to support his plea, he is not estopped thereby, nor by any judgment against him, upon these pleadings, from asserting his claim to an easement in the land.

The case of *Rogers* v. *Sinsheimer*, cited by the defendant, is based

upon a provision of statute (2 N. Y. Rev. St. 307, s. 30), that, in ejectment, the nature and extent of the plaintiff's interest must be specified in the verdict.

*Case discharged.*

STANLEY, J., did not sit.