MALUPO, W., AND KEALAKUA, K., *vs.* HENRY BUSH.

ON APPEAL FROM THE COMMISSIONERS OF PRIVATE WAYS.

A RIGHT BY PRESCRIPTION to a footpath along the border of a kalo patch does not confer the right to a road sufficiently wide for carriages. An easement can only be continued in the manner and to the extent in which it was acquired.

Opinion of the Court by JUDD, J.

This is an appeal by the plaintiffs from the decision of the Commissioners of Private Ways for Honolulu, in which they refused to order the respondent to reopen an alleged private way in the neighborhood of Liliha street.

The plaintiffs claim that they are entitled to the right of way by prescription.

It is clearly established by the evidence that in former days, when the land in the region of the spring at Kunawai was mainly devoted to the cultivation of kalo, the natives were

accustomed to pass on foot on either kuauna of an auwai along the edge of respondent's land, for the purpose of repairing the ditch and in getting the water down to their kalo patches.

Keonikapu says that the residents were wont to pass on one kuauna or the other according as the condition of the banks were good or bad, and, sometimes in the ditch itself.

The respondent has placed his fence on the bank of the auwai nearest him and close to its edge, but the fence does not obstruct those who may now have occasion to proceed along the auwai, either to repair it or bring the water down in it; for, to do this, a person could mount the fence, or if this be inconvenient, the other or westerly bank of the auwai is still open to them.

This easement, if established, could only be continued in the manner and to the extent in which it was acquired. A right to a footpath along the border of a kalo patch, if it be established by long continuous and adverse use, does not confer the right to a road sufficiently wide and convenient for carriages, unless there be some other ingredient upon which to found the right, for example, estoppel by defendant, as held in this Court in the case of J. A. King *vs.* W. Brash.

The plaintiffs cannot claim this right of way as a "necessity," for, as found by the Commissioners, they have other modes of egress from their respective lots to the public roads.

We find that the plaintiffs have not shown that the respondent has obstructed the plaintiffs in such a use of the banks of the auwai as the evidence shows they have a right to, and therefore affirm the decision of the Commissioners, with costs.

We think it proper to add our advice, that as the demands of the population of the town of Honolulu for building lots in the suburbs increase, it would be better for residents to unite and apply, in the methods established by law, for public

roads to be laid out by the authorities in accordance with a regular plan, than to engage in frequent litigation.

W. R. Castle for plaintiffs.

S. B. Dole for defendant.

Honolulu, February 5, 1878.