88   162
100   318
100   345
100   349

FIRST NATIONAL BANK OF SKOWHEGAN,

*vs.*

LUCIUS S. MORRISON, and another.

SAME *vs.* SAME.

Somerset.   Opinion June 19, 1895.

*Deed.   Description.   Easement.   Way.   Possession.*

A deed of real estate contained this clause : " Saving and reserving from this conveyance, that said Dyers [the grantees] are not to have the right of erecting a building within five feet from the easterly line and within twenty-five feet from my store, and that said five feet is to be forever reserved for a passageway back in common with themselves and others." The description of the granted premises included the strip. *Held;* That the deed conveyed the fee of the five-foot strip and reserved merely an easement.

The demandant, having the fee, is entitled to judgment for possession, notwithstanding the tenant has an easement for a passageway over a portion of the demanded premises.

See *Morrison* v. *Bank,* ante, 155.

ON REPORT.

The cases appear in the opinion.

*S. J. and L. L. Walton,* for plaintiff.

*D. D. Stewart,* for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, JJ. WHITEHOUSE, J., did not sit.

WISWELL, J.   These two cases, one a real action, the other an action of trespass quare clausum, were argued together.

The real action is to recover possession of a lot of land in Skowhegan, including a five-foot strip, extending from Water street southerly, at right angles with the street, to the Kennebec river at high-water mark.

The defendants seasonably disclaimed as to all the land demanded, except the five-foot strip, and as to that plead nul disseizin. This plea admits that the defendants are in possession and the only question is which has the better title. The plaintiff derived its title by various mesne conveyances

from Samuel Weston, who, in 1838, conveyed to the plaintiff's predecessor in title a lot, the boundaries of which included the land in controversy.   That deed contains this clause : "Saving and reserving from this conveyance, that said Dyers [the grantees] are not to have the right of erecting a building within five feet from the easterly line and within twenty-five feet from my store, and that said five feet is to be forever reserved for a passageway back in common with themselves and others.'"

The defendants' counsel contends that this clause, properly construed, excepts the soil of the five-foot strip, and grants merely an easement over it.

In the case of *Morrison* v. *Bank,* ante, 155, this court has decided, contrary to the contention of the defendants' counsel, that the deed referred to, conveyed the soil and reserved an easement.   That case is decisive of this.   The plaintiff has the better title and should have judgment for possession.

This result is not affected by the fact that the defendants have an easement of a right of way over the strip in controversy.

"The fee in the land is to be regarded as distinct from an easement in the same.   The fee may be in one and the easement in another.   The demandant, having the fee, is entitled to recover, notwithstanding the tenant may have an easement in the passageway for the use of the mill."   *Blake* v. *Ham,* 50 Maine, 311.

In *Morgan* v. *Moore,* 3 Gray, 319, it was held, that the owner in fee of land may maintain a writ of entry to establish his title against the owner of a perpetual right to use it for a passageway.

In *Hancock* v. *Wentworth,* 5 Met. 446, it was held, that it is no objection to a recovery in a real action, that the tenant has an easement in the demanded premises.

The action of trespass quare clausum is to recover damages for certain acts of the defendants in making excavations and in laying a foundation wall for a building erected by them upon their own lands, next east of the plaintiff's land.   This foundation wall admittedly extended slightly over the plaintiff's line,

upon the five-foot strip in controversy. This is a technical trespass. The injury was slight and the damages should be nominal.

In the real action, the plaintiff is entitled to judgment for possession of so much of the demanded premises as was not disclaimed, subject to the defendants' easement in the five-foot strip next to the demandant's easterly line, for a right of way, as reserved by the grantor in the deed from Samuel Weston to Asa and Quincy Dyer, dated March 6th, 1838.

In the action of trespass quare clausum, the plaintiff should have judgment for damages assessed at one dollar.

*Judgment accordingly, in both suits.*