.JOSEPH SCHARSCH *v.* THE KILAUEA SUGAR COM-
PANY.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED SEPTEMBER 26, 1900.     DECIDED JANUARY 10, 1901.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

In an action for damages for infringement of a water right, the jury
    rendered a verdict for plaintiff for $3106. Held, upon the facts
    stated in the opinion, that the evidence did not support a verdict
    for that sum, in other words, that the verdict was excessive.
The owner of a dominant estate may not substantially alter the loca-
    tion of a ditch or watercourse maintained, under a right acquired
    by prescription, on the land of another, without the consent, express
    or implied, of the owner of the servient estate.

OPINION OF THE COURT BY PERRY, J.

In this action, the plaintiff claims of the defendant the sum
of $5550. as damages for the alleged wrongful diversion by
defendant of certain water to the use of which the plaintiff
claims to be entitled, and the further sum of $2000. as dam-
ages for the alleged wrongful discharge of plaintiff by defend-
ant from its employ. The cause was tried before a jury, and a
verdict rendered for the plaintiff for the sum of $3106. A
motion for a new trial was overruled, *pro forma*, by the Court.
The bill sets forth a number of exceptions to rulings made at
the trial, to the charge of the court as given, to the refusal to
give certain instructions requested by the defendant, to the giv-
ing of certain instructions requested by the plaintiff, to the ver-
dict on the ground that it is excessive and contrary to law and

to the evidence and to the weight of evidence, and to the over-ruling of the motion for a new trial. Only two questions, how-ever, were argued and relied upon by the defendant in this Court, to wit, whether or not there is any evidence to support a verdict against the defendant for $3106., and whether or not there is any evidence to support a verdict against the defendant for any sum.

Evidence was adduced at the trial tending to show that the plaintiff is, and has been since 1882, the owner in fee simple of certain land, about five acres in area, situate at Pilaa in the District of Hanalei, Kauai, bordering on a stream and surrounded on all sides by land of the defendant corporation; that he and his predecessors in interest for a period of thirty years or more next preceding the commencement of the action, used water out of the stream for domestic and agricultural purposes on his said land, said water flowing out of said stream through an artificial ditch; and that this ditch at the point where it tapped the stream and for some distance therefrom was on the defendant's land. There was also evidence tending to show that the defendant, by means of a dam constructed across the stream at a point further mauka and of a new artificial ditch leading to some of the de-fendant's canefields, diverted the water of the stream and de-prived the plaintiff of the use of the water which he had there-tofore enjoyed.

Plaintiff's own evidence is that such deprivation occurred from March, 1895, until some time in December of the same year and from June 14 or 15, 1897, until the date of the com-mencement of the action, November 21, 1898, periods of not more than two and one-third years in all; and that the total area of taro and rice land which he was unable to cultivate by reason of the defendant's acts was three acres. Other evidence shows that an acre of taro, of the poorest marketable yield and grade, was worth, during the times stated, $100., of average yield and grade, $200., and of the best yield and grade, $300., these ap-parently being gross values. No evidence was introduced tend-ing to show the cost of growing taro, per acre.

It also appeared that in December, 1895, plaintiff executed a lease of a portion of his land, about one acre and three fourths in area, for the term of ten years at an annual rental of sixty dollars, the second year, however, to be rent free; and there was evidence tending to show that the lessees abandoned the place in July, 1897, on account of the lack of water caused by defendant's acts.

There was, further, evidence tending to show that during the periods already referred to the plaintiff was compelled to purchase taro for domestic use at a maximum cost of $3.25 per week, and to carry water for such use from a spring at a distance from his residence of about 75 or 100 feet more than the ditch from which he formerly obtained water for the same purposes.

Assuming, for the purposes of the decision of this branch of the case, that the jury was justified in finding from the evidence that the plaintiff in 1882 made no substantial change in the location of that portion of his ditch which was nearest the stream and on the defendant's land, and in finding that he had acquired a prescriptive right to conduct the water through that ditch over the defendant's land, or that a change, if made, was with the defendant's consent, express or implied, still we are of the opinion that the verdict cannot be sustained for the reason that the amount awarded is excessive and unsupported by the evidence most favorable to the plaintiff. The evidence permits of three methods of computing the plaintiff's loss, by ascertaining (a) the cost for the time stated of the taro purchased by the plaintiff, (b) the difference in the rental value of the land with and without water as shown by the lease, and (c) the proceeds derivable from the sale of taro grown on the premises, per acre. It is obvious that the results of these three methods cannot properly be added together and the grand total awarded to the plaintiff, for he cannot consume his taro at home and have it for purposes of sale, nor can he cultivate and sell the taro and at the same time rent the land for the growing of rice. The amount expended by plaintiff for taro during the $2\frac{1}{3}$ years was not more than $398.; the total rent due from the lessees for the leased portion

of the land for the full term of the lease was $480. (but we do not express the opinion that plaintiff was entitled to recover the amount of the rent for the full term of the lease); three acres of land in 2⅓ years, estimating one crop of taro per year—an estimate extremely favorable to the plaintiff—would produce, at $300. per acre per crop, $2100., and at $200. per acre per crop, the average rate, $1400.; and the total of the eight years' rental of the leased land, $480., plus the possible proceeds from taro of the remainder, $700. or $1050., would be $1180. or $1530., according as whether taro is regarded as worth $200. or $300. per acre.

Disregarding the fact that these calculations are made without any deductions for the cost of raising taro, still, on the view most favorable for the plaintiff, the evidence thus far considered can account for only $1530. or, at the most, $2100., of the sum awarded in the verdict. It is to be observed that these figures are most liberal to the plaintiff, for the evidence tends to show that his land is inferior and below the average in quality. Moreover, while the land is here credited with the ability to produce $200. and $300. per acre per year, the fact remains that one and three-fourths acres of it, including one and one-half acres of the taro land, were leased by the plaintiff for a term of ten years for a total rent of sixty dollars per year or not more than forty dollars per acre per year for the wet land.

The trial court instructed the jury that no recovery could be had in this action under the third count of the declaration, i. e., that with reference to the alleged wrongful discharge of plaintiff from defendant's employ. Upon the evidence, only one other possible element of damage is suggested, to wit, the additional cost and inconvenience of obtaining water for domestic use from the spring instead of from the ditch. No evidence whatever was adduced from which the jury could find what such cost was, or that there was any additional cost. The evidence was at least vague on the subject of inconvenience and certainly not such as to support an award of either $1576. or $1006.

It is clear from the record that the plaintiff at the trial relied for a recovery upon the infringement, not of the natural right which he possessed by virtue of his ownership of the bank to take or use water from the stream on his own land, but of a right claimed by him to have been acquired by prescription to conduct water through an artificial ditch situated in part on the defendant's land. The law is well settled that when one has acquired, either by express grant or by prescription, an easement in the land of another, he may not substantially alter the mode of using it without the consent, express or implied, of the owner of the servient estate; and where, as in this case, the easement is a right to maintain a ditch or watercourse, the owner of the dominant estate may not substantially change the direction or location of such ditch or watercourse without such consent. If any such substantial change is made without such consent, a right to use such new ditch can be acquired only in one of the ordinary methods, e. g., by express grant or by prescription. Whether or not a substantial change has been made and whether or not, if made, it was with the consent, express or implied, of the owner of the servient estate, are questions to be determined upon the evidence in each particular case. Since a new trial is to be ordered in this case for the reasons already stated, we deem it desirable not to pass upon the question of whether or not the evidence adduced at the former trial was sufficient to support a finding either that no substantial change was made by plaintiff in the location of his ditch, or that, if made, it was with the consent, express or implied, of the defendant. The evidence bearing upon these questions may, upon a new trial, be different and in that event a ruling made upon the evidence now before us would not be conclusive; nor do we express any opinion as to whether or not if a substantial change was made without the consent of the defendant, that would cause any difference in the result, in view of the fact that the defendant's act (if he was guilty of it as alleged) consisted, not in preventing the plaintiff from obtaining water through the new ditch but in preventing him, by means of a dam above the source of the higher ditch,

from obtaining any water at all through either the old or the new ditch.

A new trial is ordered.

*Messrs. C. Creighton* and *A. G. Correa* for plaintiff.

*Messrs. Kinney, Ballou & McClanahan* and *H. A. Bigelow* for defendant.