## LUIZ MEDEIROS, ALSO KNOWN AS LOUIS DE MEDEIROS, *v.* THE KOLOA SUGAR COMPANY, A CORPORATION.

### No. 1628.

ERROR TO CIRCUIT COURT FIFTH CIRCUIT.
HON. W. C. ACHI, JR., JUDGE.

SUBMITTED MARCH 5, 1926.                    DECIDED MARCH 26, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

EASEMENTS—*extent of right—alterations of use.*

The owner of an easement, acquired by grant, consisting of a right of way for a ditch over the land of another, cannot lawfully, without the consent of the grantor, substitute a flume for the ditch, even though the flume imposes a lesser burden upon the servient estate.

EJECTMENT—*right of action—land subject to easement.*

Ejectment lies to recover land of the plaintiff which is subject to an easement in favor of the defendant, when the defendant is occupying the land in an unlawful and unauthorized manner.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of ejectment, tried by the court without the intervention of a jury. Undisputed evidence was introduced showing that the land described in the declaration was granted by R. P. 7957 in confirmation of L. C. A. 6309 to Kapuniai and was conveyed by the patentee and his wife to the plaintiff. It is not now disputed that the plaintiff made out a *prima facie* case. On behalf of the defendant it was shown by undisputed evidence that the plaintiff for a valuable consideration granted to one Hans Isenberg a right of way, the portion of the deed referring to this subject reading as follows: "For the same consideration as aforesaid, I do hereby give, grant, bargain, sell and convey unto the said Hans

Isenberg a right of way for the purpose of conducting water over and through that certain piece of land situate in Koloa aforesaid, and more particularly described in L. C. A. 6309 to Kapuniai, the same being Apana 2, containing an area of 20 acres and 1 rood. The right of way to be used either for a flume or a ditch, to measure eight (8) feet wide, with sufficient room for bracing or embankment" (the words "either" and "a flume or" and the ink-line drawn through them are reproduced as in the original deed). The plaintiff admitted at the trial "that by proper conveyance the title which Hans Isenberg acquired from Louis Medeiros" (the plaintiff) "under the terms of this deed with reference to the land described in the petition is now in the Koloa Sugar Company, the defendant in this case." It is not now disputed that this grant relates to a right of way over the land described in the declaration.

By undisputed evidence the plaintiff further established the fact that prior to the commencement of this action the defendant, the Koloa Sugar Company, had erected a flume over and across the land sued for and refused to comply with plaintiff's demand that the flume be removed; and that at the time of the institution of the action the defendant was still maintaining the flume across the plaintiff's land. There was no evidence of the maintenance by the defendant of any ditch on or across the plaintiff's land. The trial court rendered judgment for the defendant, based upon the theory that the maintenance of a flume was authorized and justified by the grant above mentioned.

It is established beyond doubt in this jurisdiction that an easement, whether acquired by grant or by prescription, can only be enjoyed and continued for the purposes and in the manner specified in the grant or in which it was used while the right was being acquired by

prescription. "The law is well settled that when one has acquired, either by express grant or by prescription, an easement in the land of another, he may not substantially alter the mode of using it without the consent, express or implied, of the owner of the servient estate; and where, as in this case, the easement is a right to maintain a ditch or watercourse, the owner of the dominant estate may not substantially change the direction or location of such ditch or watercourse without such consent." *Scharsch* v. *Kilauea Sugar Co.,* 13 Haw. 232, 236. This statement of the law was approved and followed in *O. R. & L. Co.* v. *Armstrong,* 18 Haw. 258, 261. "This easement, if established, could only be continued in the manner and to the extent in which it was acquired. A right to a footpath along the border of a kalo patch, if it be established by long continuous and adverse use, does not confer the right to a road sufficiently wide and convenient for carriages." *Malupo* v. *Bush,* 4 Haw. 79, 80. "The grantor has the right to limit his grant in any way he chooses and the grantee takes the way subject to all the restrictions the grantor has imposed and cannot go beyond them without becoming a trespasser." *French* v. *Marstin,* 24 N. H. 440, 449. See also *Pico* v. *Richardson,* 2 Haw. 307; and *Allen* v. *San Jose Land & Water Co.,* 15 L. R. A. (Cal.) 93.

While both a ditch and a flume are ordinarily used for the diversion of water, the two are essentially different in their nature and in the burden which they constitute upon the servient estate. Which of the two is the lesser burden to the servient owner need not be considered, for even if a flume is properly to be regarded as the lesser burden that fact is immaterial in determining the rights of the parties. *O. R. & L. Co.* v. *Armstrong, supra.* "No one has a right to compel another to have his property improved in a particular manner. It is as illegal to force

him to receive a benefit as to submit to an injury."
*Merritt* v. *Parker,* 1 N. J. L. 460, 466; *Allen* v. *San Jose
Land & Water Co., supra.* The grantee of a right of way
for a ditch cannot at his will substitute a flume and
justify under the grant.

The deed under which the defendant seeks to justify
specifically and in unambiguous language prescribes that
the right of way granted is "to be used for a ditch." The
striking out of the words which would have made the
grant read that the way was to be used "either for a flume
or a ditch" emphasizes the correctness of this view. But
even without this aid the terms and meaning of the grant
are entirely clear. The defendant did not by that grant
acquire the right to maintain a flume.

It is contended on behalf of the defendant that since
the defendant is the owner of an easement in the plain-
tiff's land ejectment does not lie in favor of the plaintiff.
This contention cannot be sustained. In this jurisdiction
it has been definitely established that "a plaintiff in eject-
ment may recover as co-tenant to the extent of the title
proved by him. * * * The fact that the plaintiff
* * * proved title to an undivided interest only
* * * did not debar her from recovering to that ex-
tent." *Kaehu* v. *Namealoha,* 20 Haw. 648, 653, citing
four earlier Hawaiian cases. To the same effect is *Mo-
ranho* v. *De Aguiar,* 25 Haw. 271, 272. Upon the same
principle a plaintiff in ejectment, who owns the land sub-
ject only to a right of way in the defendant, may recover
to the extent of the title proved by him and subject to the
easement held by the defendant. In *Waal* v. *Sakagi,* 27
Haw. 609, 612, a bill in equity for an injunction to re-
strain the defendant from closing a right of way claimed
by the plaintiff and in which the defendant denied the
plaintiff's right to the way, this court said: "The only
issue left was as to the title to the easement. The court

of equity had no jurisdiction to try this issue and the respondents are entitled to have it tried at law before a jury." .The general rule is stated to be "that ejectment will lie to recover possession of land which is subject to an easement or servitude" and that "the recovery in such case, as well as the delivery of possession by the sheriff, is necessarily confined to the land subject to the easement." 10 A. & E. Ency. L. 473, 474. To the same general effect are *Taylor* v. *Armstrong,* 24 Ark. 102, 105; *Wright* v. *Carter,* 27 N. J. L. 76, 83; *Cooper* v. *Smith,* 9 S. & R. (Pa.) 26, 31; *Blake* v. *Ham,* 53 Me. 430; *Smeberg* v. *Cunningham,* 96 Mich. 378, 385, 386; *Thomas* v. *Hunt,* 134 Mo. 392, 399, 400; *Bank* v. *Morrison,* 88 Me. 162, 163; *Morgan* v. *Moore,* 3 Gray 319, 322, 323; and *Tillmes* v. *Marsh,* 67 Pa. St. 507, 512.

The plaintiff in the case at bar owns the fee of the land subject only to the right of the defendant to maintain a ditch upon and across the same. He is entitled to the possession of all of his land in so far as he may have it without interfering with the use by the defendant of his right to the way for the ditch. The present flume encumbers and occupies his property to the exclusion of the plaintiff and unlawfully. The plaintiff is entitled to recover possession,—subject always to the defendant's right to enter for the purposes and in the manner only in which he has been authorized by the grant to enter.

It is urged on behalf of the defendant that upon a writ of error this court may not review any finding depending upon the credibility of the evidence. That is undoubtedly the general rule. In this case, however, the facts are entirely undisputed and the only issue is as to the construction of the grant,—a pure question of law.

The judgment appealed from is set aside and the cause is remanded to the trial court with instructions to enter judgment in favor of the plaintiff to the effect that he

recover the land sued for, subject only to an easement in the defendant consisting of a right of way for a ditch in accordance with the precise terms of the deed from the plaintiff to Hans Isenberg.

*O. P. Soares* for plaintiff in error.

*P. L. Rice* for defendant in error.