Nahinai and Kapo, his wife, *v.* Lai.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1871.

*Allen, Ch. J., Hartwell, J.*

## NAHINAI AND KAPO, HIS WIFE, *vs.* LAI.

A PLAINTIFF in EJECTMENT may take JUDGMENT as CO-TENANT according to the extent of his title.

Action to recover land granted to one Makailuuwai, deceased intestate, under Land Award No. 1168, by right of descent in the plaintiff Kapo. The evidence showed that Kapo and the defendant were co-heirs, and that the defendant had held possession since the ancestor's death in 1852, whereupon the plaintiffs asked verdict for a moiety only. There was no evidence of rents and profits. A special verdict accordingly was taken, and the plaintiffs now move for judgment.

W. C. Jones and A. F. Judd for plaintiffs.

J. Montgomery and F. H. Harris for defendant.

OPINION OF THE COURT BY HARTWELL, J.

The difficulty of allowing this amendment of issue after trial seemed to me to be great, but on reflection I think that the verdict can stand and judgment be pronounced on it.

It is true that the tenancy in common entitled the defendant to the possession of the whole land, and that exclusive occupancy is not of itself enough to show hostile possession adverse to co-tenants. It is also true that the defendant went to trial not on the amended issue but on the issue of the plaintiffs being sole owners.

Actual ouster is always said to be required before a co-tenant can bring ejectment; but it may be inferred by long occupancy with claim of exclusive ownership. If the demandant claim as sole heir, and the tenant fail to suggest that he claims but a moiety, I think the demandant may treat him as claiming the whole, and as a disseizor of whatever portion he may himself be entitled to. Jackson vs. Whitbeck, 6 Cow., 633 ; Rickard vs. Rickard, 13 Pick., 253 ; Wyman vs. Brown, 50 Me., 143 ; Prescott vs. Nevers, 4 Mason, 330 ; Colburn vs. Grover, 44 Me., 435; Cummings vs. Wyman, 10 Mass., 418; Emerson vs. Thompson, 2 Pick., 502.

In regard to amending the issue before verdict I think English Common Law and Statutes of jeofails allowed this in the writ of entry *nuper obiit*, a class of actions which the present resembles. Com. Dig., 36 ; Booth's Real Actions, 204, 214, 219 ; Inglis vs. Sailors' Snug Harbor, 3 Pet.,—and cases there cited ; Heyer vs. Dunning, 3 Johns. Cas., 103 ; Great Falls Co. vs. Wooster, 15 N. H., 462.

And further : there are principles of pleading which do not rest on statute on which this matter may safely rest. It is true, as the defendant now admits the plaintiffs' claim of a moiety, that judgment is only necessary to carry costs. Our statutes also provide for only two kinds of answers, demurrers and general denials, and allow any matters of defence to be given under the latter. But special pleas in bar or in abatement and motions to dismiss are common in practice and frequently serve to avoid expense and delay, and to present points of law seasonably and with precision. Special pleas may always be made, under our practice, and it is just that if a party fail to plead specially what is peculiarly within his own knowledge, he should pay the costs which he might have avoided. A party is always presumed to know the particulars of his own title and not to know those of his adversary. The presumption rests on the fact that such is usually the case. He can, if he like, set forth those particu-

lars, disclaiming or pleading non-tenure of all else. He thereby narrows the issue and enables his adversary to modify or withdraw the claim. The plaintiffs recited their pedigree and the defendant omitted to do so. The plaintiffs' pedigree is proved as recited, but the additional fact, not presumed to have been known by them and presumably known by the defendant appears, that the defendant is also an heir. I think it is the defendant's fault that the issue was not narrowed, and a trial thereby avoided.

Arch. Civ. Pl., 201, 228 ; Steph. Pl., 303, *et seq.*, Gould's Pl., 84.

As for a variance between the allegations and proof, if it were deemed material, our statute of amendments would remedy it.

Steph. Pl., 300 ; Bristow *vs.* Wright & Notes, 1 Smith's Lead. Cases, 737 ; Arch. Pl., 116, 118.

Judgment on the verdict.

Honolulu, November 29th, 1871.