Kauhane and Husband *v.* Kalu.

SUPREME. COURT—IN. BANCO..

JULY TERM—1878..

*Harris, C. J., Judd and McCully,. J.J.*

KAUHANE AND HUSBAND *vs.* KALU.

ON EXCEPTIONS FROM CHIEF JUSTICE HARRIS—JURY BEING WAIVED.

THE DEFENDANT IN EJECTMENT disclaimed as to one undivided half of the land, and plaintiff admitted defendant to be entitled to the other half. An ouster was proved. The declaration averred that "the possession of defendant was in contravention of plaintiffs' legal right and to their damage of $1,000;"

HELD, that the declaration. was sufficient upon which to recover *mesne profits* from defendant.

Opinion of the Court by JUDD, J.

It appears that although. in. the declaration the plaintiffs claimed the entire premises in fee, the fact was that they were only entitled to one-half, and were tenants in common with the defendant's wife, whose infant son held the widow's assignment of dower.

The title was admitted by the parties to stand thus, and the plaintiffs asked to be heard on their claim for damages.

The defendant then moved to dismiss the cause, on the ground that the declaration showed no cause of action for damages as against a co-tenant.

The declaration, as we have seen, claimed the whole land.

In Nahinai *vs.* Lai, 3d Haw. Rep., 317, this Court held that, on a declaration to recover the entire estate, the verdict being for a moiety only, judgment could be pronounced on the verdict for the moiety, although there was a variance between the allegations and proof. The Court there says that our

Kauhane and Husband *v.* Kalu.

statute would allow an amendment even after verdict, to make the declaration correspond with the verdict.

In the case at bar there was clear evidence of an actual ouster of the plaintiffs by the defendant, which is requisite in order to enable a co-tenant to bring ejectment.

The declaration avers that the possession of defendant is in contravention of plaintiffs' legal rights and to their damage of $1,000.

This, coupled with defendant's disclaimer as to an undivided half, and plaintiffs' admission at the trial that defendant was entitled to one undivided half, would certainly be sufficient to charge the defendant with damages for the ouster; an actual ouster having been proved. But counsel for defendant argued at length the further question, that the allegation of damage is not sufficient to charge defendant with mesne profits, whereas the damages found by the verdict were mesne profits.

Silloway *vs.* Brown, 12 Allen, 30, is cited by defendant. Here the Court say: "There is no reason why a tenant in common, rather than any other person put or kept out of possession of his estate, should be denied the election of suing in trespass and limited to a writ of entry, in which he could recover no damages for the injury to him by the expulsion or ouster. We are therefore satisfied that upon principle and according to the weight of authority, he may under such circumstances maintain trespass *quare clausum fregit.*"

But in this case the Court held that the tenant was not liable in an action of replevin for taking all the crops.

In Badger *vs.* Holmes, 6 Gray, 118, the Court said that "the facts do not show that the defendant has occupied the premises to the exclusion of the plaintiff," and therefore held that the plaintiff could not recover for use and occupation.

In Livingston *vs.* Tanner, 12 Barb., 451, it was held that the New York Code, while it allows damages for the ouster and the rents and profits to be recovered in the same action, recognizes the distinction between them; and also in Larned

*vs.* Hudson, 57 N. Y., 151 (1874), it was decided that a claim for damages for withholding possession of real estate does not include the rents and profits thereof during the time the possession has been wrongfully withheld; that is a separate and distinct cause of action.

We have a similar provision in our Code, Section 1144, which allows the uniting in one action "claims to recover specific real property, with or without damages, for the withholding thereof, or for waste committed thereon, and the rents and profits of the same." These last authorities (N. Y.) seem strong in favor of the defendant's position, that as the proofs must correspond with the allegations, and as there is no specific claim for rents and profits, the plaintiff cannot recover them as damages for withholding the possession of the real estate.

But in Massachusetts, in Raymond *vs.* Andrews, 6 Cush. 265, it was held that the provisions of the Revised Statutes, Chapter 101, for the recovery by the demandant in a writ of entry of damages for rents and profits and for waste, supersede all previously existing remedies therefor at common law, and such damages need not be specifically demanded on the writ. The statute provides that if the demandant recovers judgment in a writ of entry, he shall be entitled to recover in the same action damages for the rents and profits of the premises from the time when his title accrued, also for waste. In this case, Chief Justice Shaw says: "As a claim for mesne profits is incident to a legal claim to the land, a writ containing a demand for the land does necessarily draw in question and put in issue a claim for the damage, if any exist."

A similar practice prevails in California.

Section 118, of our Code, prescribes that in actions to recover at law any specific property, real or personal, or any specific share or interest or right to property, real or personal, in kind, etc., as in ejectment, the plaintiff may file a petition according to a form prescribed.

Kauhane and Husband *v.* Kalu.

In this form the expression is used, "or if in ejectment, state in lieu of the value, to the damage of said plaintiff —— dollars," and allows damages for the detention of the real estate to be prayed for. This form is substantially followed by the plaintiff in this case, and it is the form which has been used in this Court for many years, and upon this allegation of damages mesne profits have been recovered in ejectment without question. We think the plaintiff is safe in following the statutory form, in that the words, "to the damage of the plaintiff —— dollars," are sufficiently full to apprise the defendant that a claim is made for whatever damages can be shown are incidental to a legal claim for the land, which will fairly include mesne profits.

This exception is, therefore, overruled. A contrary ruling might admit the right of parties to bring suits for mesne profits on all the actions of ejectment entertained in this Court for six years past, where merely nominal damages had been recovered, or even where general damages for the detention of the real estate had been recovered.

The second exception is that there was no evidence on which defendant could be charged with damages or for rents and profits. As we find that there was evidence tending to so charge the defendant, on which the verdict was based, there was no ground for nonsuit, and we overrule this exception.

J. M. Davidson for plaintiff.

A. S. Hartwell for defendant.

Honolulu, August 15, 1878.

---

FINDINGS OF HARRIS, C. J., EXCEPTED TO.

I find it to be proved that Keliikoa, the grantee in the Royal Patent No. 2,526, deceased, leaving a widow and two daughters, one of which daughters is the plaintiff in this action, Kauhane; the other daughter was the wife of Kalu, the defendant, and the mother of his children. She is now deceased. Consequently the widow was entitled to her right

of dower, and each one of the daughters to half of the land subject to the widow's dower. The widow assigned her dower to her grandson by a deed dated 23d of June, 1873. The defendant is the father of the said grandson and his guardian, and consequently, by virtue of this deed, is entitled to retain one-third of the product of the land for the right of dower, and likewise he is entitled to retain one-third by his wife's right, which makes two-thirds; and the plaintiff Kauhane and her husband are entitled to the other third. I find by all the testimony that the product of the two lands, Waiomau and Kau, would be from two to five hundred dollars a year, and that the two lands produced about alike.

Now, taking three hundred dollars to be the amount of both the lands, it would make a hundred and fifty dollars to be the amount derived from Kau each year, of which fifty dollars belongs to the plaintiff.

I further find, as the best conclusion that I can draw from the testimony, the plaintiff was evicted the 23d of July, 1873, which is the date of the deed from the grandmother to the grandchild. This would make five years. My judgment, therefore, is that the plaintiffs recover from the defendant $250; and inasmuch as the plaintiffs have claimed more than they have been entitled to, my further judgment is that the costs be divided in proportion of one-third to plaintiff and two-thirds to defendant.

The plaintiff Kauhane, by her testimony, evidently thinks that she is likewise entitled to an interest in the piece of land called Waiomau; but the complaint is only for Kau, therefore this judgment is limited to the receipts from Kau.