## KAUHIKOA *us.* HIKAALANI HOBRON *et al.*

### QUESTION RESERVED BY McCULLY, J.

### OCTOBER TERM, 1885.

### JUDD, C. J.; McCULLY and PRESTON, JJ.

Defendants held certain land as devisees by virtue of the adverse possession of their testator and two others. Plaintiff claimed half the land, as tenant in common with defendants' testator. Defendants, at the trial, moved the Court to direct a verdict for them, on the ground that their testator was the survivor of the three disseisors. The Court reserved the question.

Held, that defendants' testator, being the survivor of joint disseisors, became solely entitled to the land.

Verdict for plaintiff set aside, and judgment entered for defendants.

### OPINION OF THE COURT, BY PRESTON, J.

THIS is an action of ejectment to recover an undivided half of

a piece of land situate in Kalia, Waikiki, Oahu, and described in Royal Patent No. 3441, to one Alapai.

The case was tried at the last July Term, before McCully J. and a mixed jury, when a verdict was returned in favor of the plaintiff.

The plaintiff claimed through Kuheleloa (w), the wife of the defendant Hobron's testator, Kalaeone, who survived her. The plaintiff is the sole surviving heir-at-law of Kealii (k), who was the brother of Kuheleloa.

In a previous suit (*ante* 104) brought against the same defendants by Mahukaliilii, who claimed the land in question, through Nihoa, a daughter of Alapai, the patentee, the defendants set up a title by adverse possession, through Kameenui, her husband, Kalaeone, and her sister, Kuheleloa, who became the wife of Kalaeone on the death of her sister. That case resulted in a verdict for the defendants on the issue of adverse possession.

The present plaintiff, by his complaint, sought to recover the land, claiming to be the sole heir of Kuheleloa, but subsequently limited his claim to one undivided half, as tenant in common with Kalaeone, Kuheleloa's husband. The relationship was proved at the trial.

On the conclusion of the plaintiff's case, counsel for the defendants, Hobron and wife, moved the Court to direct a verdict for defendants, on the ground that Kalaeone, the defendant's testator, was the last survivor of the three original disseisors, Kalaeone, Kameenui and Kuheleloa. The Court declined to give the direction requested, but reserved the point for the consideration of the full Court.

The question was argued on the 14th instant. On behalf of the defendants it was contended that the disseisin of Alapai or Nihoa, his heiress, having been effected jointly by Kalaeone, Kameenui and Kuheleloa, their estate became one of joint tenancy, and on the death of Kameenui and Kuheleloa the property became vested in Kalaeone, the survivor, who died in possession and devised to the defendant, Mrs. Hobron. Counsel cited, Tidemann on Real Property, Sec 236, 237 : *Putney vs. Dresser*, 2 Met. 583 : Littleton, Sec. 278 : Kent's Commentaries, 12 Ed., Vol 4, p. 360.

On behalf of the plaintiff it was urged that no joint tenancy was created, because "an estate in joint tenancy can only arise by purchase or grant, that is, by the act of the parties, and never by the act of law." 2 Bl. Comm., p. 180; 1 Wash. Real Property, p. 643; Tideman R. P., Sec. 236; 2 Greenleaf Cruise R. P., 364, Sec. 3.

### BY THE COURT.

We are of opinion that the defendants are entitled to judgment herein.

The disseisin of Nihoa, the heir to Alapai, was, if not effected by Kalaeone himself, by him and Kuheleloa jointly; his wife, Kameenui, could not be a joint disseisor with her husband. Consequently, on the death of Kuheleloa, it is undoubted law, accepting the doctrine of the common law, that Kalaeone, as the survivor, became solely entitled.

Littleton, Sec. 278, says: "If two or three, etc., disseise another of any lands or tenements to their own use, then the disseisors are joint tenants."

In *Putney vs. Dresser* this is stated to be the law in Massachusetts, notwithstanding the statute abolishing joint tenancy, which was held to apply only to cases arising under deeds or wills.

In *Allen vs. Holton*, 20 Pick. 458, it is held: "If one of two disseisors, in possession of land as tenants in common, abandons the land, the abandonment does not enure to the benefit of the disseisee, but the co-tenant holds the land as against the disseisee in the same manner as if he had been a sole disseisor."

Here the joint tenancy was created, not by the act of the law, but by the act of the parties in joining in the disseisin of the patentee's heir-at-law, therefore the contention on behalf of the plaintiff does not avail.

The verdict for the plaintiff must be set aside, and judgment entered for the defendants.

*A. Rosa*, for plaintiff.

*C. Brown*, for defendants, Mr. and Mrs. Hobron.

*R. F. Bickerton*, for defendants, Kameenui 3d and her husband.

Honolulu, October 31, 1885.