CHING ON *et al. vs.* AMANA *et al.*

EJECTMENT.  BEFORE JUDD, C.J.

JULY TERM, 1886.

Judgment in ejectment may be rendered severally against defendants, for the portion of land held by each, notwithstanding that they were sued jointly.

DECISION OF JUDD, C.J.

This is an action of ejectment for the possession of two tracts of land situated at Waimalu, Ewa, Oahu, embraced in Royal Patent No. 4472, to one Kamanaoulani, containing 42.65 acres.

To the complaint Hopai Yet pleaded the general issue. Amana was defaulted; but, by consent, default was taken off, and he answered during the trial, disclaiming as to the portion of the premises in possession of Hopai Yet; and as to the rest of the land he pleaded the general issue.

The point is made that the defendants having been sued jointly, judgment cannot be rendered against them separately, and so the judgment should be of non-suit.

This is an interesting question of practice. It cannot well be decided without reference to the facts of the case. I find from the evidence that the patentee of the land died about the year 1856, leaving two daughters, Napuahola and Nahauhau, as his sole heirs-at-law.

The younger, Nahauhau, died soon after this, unmarried and childless. Napuahola married one Joseph Manuel, and bore a number of children to him, but they all died but one, Mary, the plaintiff. Napuahola died in 1866, and her heir-at-law is the plaintiff, Mary.

It seems that on the 30th July, 1877, Joseph Manuel sold this land to Amana, defendant, and Asee and Apo. The interest of Asee and Apo have by successive conveyances become vested in the defendant, Hopai Yet.

The deed of Joseph Manuel conveyed nothing, except his

40

curtesy, as father of the child, Mary, for the title was in Mary by inheritance from her mother, Napuahola. Lately the two defendants, Amana and Hopai Yet, have divided both pieces of land between themselves by deeds of partition. Whatever claim they have to the land is from the same source, the deed of Joseph Manuel. Under the authorities, I think, the plaintiff can recover judgment against the defendants severally, for the portions of the estate held by them, although they were sued jointly.

In *Jackson vs. Woods,* 5 Johns., 278, Chancellor Kent so held. He says: "To dismiss the plaintiff, and turn him round to a separate ejectment against each defendant, would be nothing but vexation to all parties; it would be applying to torts the rule applicable only to contracts, that if you declare for a joint possession, you must show one." In *Fisher vs. Hepburn,* 48 N. Y., 41, it is held that when there are different claimants, each claiming distinct parcels of the real estate in question, but all denying plaintiff's rights on the same ground, and claiming title from the same source, it is proper to join them in the same action.

In *Den vs. Snowhill,* 13 N. J., 23, it was decided, that when two or more persons, holding distinct and separate possessions of the premises mentioned in the declaration, are united in the same declaration, and jointly enter into the consent rule and plead, judgment may be given against them separately, if their separate possessions are found by the jury.

In the case before me the defendants did not plead jointly, but I cannot see that this would make any difference, according to our practice. Certainly a plaintiff in ejectment may recover to the extent he has proved. *Nahinai vs. Lai,* 3 Hawn., 317. I do not think the plaintiff is charged with notice of the deed of partition between the defendants, so far as to hazard his recovery of the land by suing the plaintiffs jointly. In Sedgwick and Wait, on Trial of Title to Land, Sec. 239, the authors say: "At common law, in ejectment for lands, distinct parcels of which were in the several occupation of different per-

sons, no direct objection to the misjoinder could be made, as by plea in abatement, but the parties might apply to the Court to be allowed to enter into the consent rule and plead separately. But even if they pleaded jointly, evidence might be given on the trial to show that the defendants occupied distinct parcels, and in such cases, if the plaintiff was entitled to recover, there was verdict and judgment severally for the parcels respectively occupied by the defendants."

The plaintiffs made a deed of the premises to certain Chinese children, reserving a life estate therein to themselves and the survivor.

This estate is sufficient upon which to recover in ejectment against defendants.

Plaintiff may have judgment against Amana for the portion of land in his possession, and against Hopai Yet for the portion in his possession, and costs, except $10, which must be paid by plaintiff, as the terms upon which an amendment was allowed.

*Magoon* and *Kinney* for plaintiffs.

*Brown* and *Avery* for defendants.

Honolulu, July 31st, 1886.