*W. S. Edings,* (with whom *Kinney, McClanahan & Derby* were on the brief), for defendant.

---

## J. O. CARTER *v.* KOOLAU KAIKAINAHAOLE, ETHEL KAIKAINAHAOLE, A MINOR, HERMAN KAIKAINAHAOLE, A MINOR, AND JOHN KAIKAINAHAOLE, A MINOR.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 4, 1906.                    DECIDED JUNE 9, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EJECTMENT—*evidence—constitutionality of mortgage foreclosure act* (*Sec.* 2161, *R. L.*)

The purchaser at a foreclosure sale brought ejectment against the mortgagor's widow and minor children. The plaintiff, unnecessarily showing the title (as the defendants claimed the land under the mortgagor), placed in evidence, under objections and exceptions by the defendants, a land award and patent to one H.; probate records including petition of one Kaina for probate of an oral will of H., order appointing Kaina administrator, petition of Kaikainahaole for settlement of administrator's accounts and records of proceedings for distribution; Kaikainahaole's plea in an action of ejectment for this land of uninterrupted hostile possession for more than twenty years; records *in re Estate of Kaikainahaole* showing that the defendant Koolau, as administratrix of her husband's estate, included this land in her inventory; her petition for appointment as guardian of two of the minor defendants and the order appointing her; her petition as administratrix to sell realty belonging to the estate of J. W. K.; her bill in equity, brought as administratrix, for an injunction against the foreclosure; the mortgage deed with the affidavit of the mortgagee's attorney of the foreclosure proceedings; deed from the mortgagee to the plaintiff.

The land award was objected to because there was no evidence to show that the persons signing it had authority to make the award; the patent because written on a loose sheet in a volume of Royal Patents, its number having been written over the original number with no explanation of the alteration and no proof of its signature by the king; the probate records because there was no showing that the different names stood for the same person; the plea because there was no evidence that the defendant was the same person as the mortgagor; the records in the estate of the mortgagor mainly because the minor defendants could not be prejudiced thereby; the bill in equity because its execution was not proved by the clerk's certificate of its verification and also because her acts could not affect the minors; the affidavit of the mortgagee's attorney and the mortgage deed because the foreclosure act (Sec. 2161, R. L.), was unconstitutional in failing to specify the kind and place of publication of notice of intention to foreclose.   Exceptions were also taken to the finding that the mortgagor had a title by adverse possession and was the common source of title; that plaintiff obtained a valid title at the foreclosure sale; that the defendants were in possession at the date of the institution of the action and were entitled to judgment for the premises and $3250 damages.

Held: The award and patent were admissible; the evidence of the guardian's appointment, if irrelevant, was harmless; the different names mentioned in the probate records, referring to this land, evidently referred to the same person; the plea of title by adverse possession was evidence of claim and assertion of title; the foreclosure act is not invalid by reason of failure to specify the kind and place of publication of notice of intention to foreclose.

ID.—*common source of title—effect of answer of general denial.*

The rule that a plaintiff must recover upon the strength of his own, and not upon defendant's lack of title, does not require proof that the title under which both claim is good. The defendants' denial of the plaintiff's right of possession authorized the ruling that they held against the plaintiff's right.

### OPINION OF THE COURT BY HARTWELL, J.

The plaintiff brought ejectment for certain land purchased by him at a mortgagee's sale, the defendants being the widow and three minor children of the mortgagor, which land the defendants, as alleged in the complaint, had "unjustly, and

contrary to law and the rights of the plaintiff, taken into their possession and *converted to their own use,"* the complaint, also averring "the said conversion and occupation by defendants being to the damage of plaintiff in the sum of $500," (afterwards amended to $5,000,) prays for "restitution of said property with damages in the sum of $500 ($5,000) for its detention." The widow, answering for herself, denied each and every allegation in the complaint and, having been appointed guardian ad litem of the minor defendants, their answer, by the guardian ad litem, also denied each and every allegation in the declaration. Jury having been waived, the court, after hearing the evidence, gave judgment for the plaintiff for the restitution of the premises with $3250 damages.

The bill of exceptions presents eighteen exceptions, the following being exceptions to the introduction of evidence by the plaintiff, namely:

1. Land Award No. 728, contained in Vol. 2 of Awards, p. 111, awarding the land in controversy to one Holualoa, the award not being dated and there being no evidence to show that the persons signing the same had authority to make the award;

2 & 3. Introduction of R. P. 6892, granting the land to Holualoa, the copy being upon a loose sheet of paper in Vol. 28 of Royal Patents and No. 6892 having been written over 5767, there being no explanation of the alteration and no proof of the king's signature;

4 & 5. Certain records of the supreme court in probate including petition of one Kaina for probate of an oral will of Holualoa, order appointing Kaina administrator, petition signed by Kaikainahaole for settlement of his accounts as administrator, and further record of proceedings for distribution of the estate, the objection to the records being that the petition for administration was not sworn to, there was no evidence of the identity of Holualoa named in the petition with the one named in the land award or patent, nor of the publication of the notice of hearing of the petition, nor of the identity of the petitioner, Kaina, with the person later named in the proceedings as Kaikaina or Kaikainahaole (As to the fourth and fifth excep-

tions, the court, in the bill of exceptions, notes that none of the testimony "purporting to have been given upon the hearing of any petition or petitions in the matter of said estate of Holualoa was read in evidence or considered by the court, the plaintiff's previous offer thereof as a portion of the record in said cause having been withdrawn");

6. The supreme court record in Law No. 1504, *Kahululei-onohi v. Kaikainahaole,* including the plaintiff's declaration in ejectment for the land sued for in this case, the defendant's answer with a plea in bar in which the defendant claimed uninterrupted hostile possession for more than twenty years, the plaintiff's replication that the defendant took the premises as administrator and therefore could not have obtained a prescriptive title, the decision overruling the replication, there being no evidence that the defendant was the same person as the mortgagor of this land;

7. Probate records in *Estate of John W. Kaikainahaole,* showing that the defendant, Koolau, as administratrix of her husband's estate, filed an inventory including the land in controversy. This was objected to, among other reasons, because the minor defendants ought not to have been prejudiced by any such document;

8. Refusal of the court to strike out the inventory;

9. Admitting in evidence the petition of the defendant, Koolau, for her appointment by the circuit court as guardian of the minor defendants, alleging that they were the minor children of John W. Kaikainahaole, and the order appointing her as such guardian;

10. Admitting in evidence the petition of the same administratrix in the matter of the guardianship of the minor defendants to sell realty belonging to the estate of John W. Kaikainahaole, there being no evidence that she had then been appointed guardian of the minor son, John;

11, 12 & 13. Evidence of the defendant, Koolau's, bill in equity, brought by her as administratrix of her husband's estate, and seeking an injunction against the mortgagee's foreclosing the mortgage, objected to because filing of the bill was in the

official capacity of the administratrix and that nothing therein was now binding upon her in her individual capacity or upon any of the minor defendants with reference to the title of the land, and also that the execution of the bill by Koolau could not be proved by showing the document itself without other evidence except as her oath to the bill was certified by the clerk of the court, and to the refusal of the court to strike out the bill;

14 & 15.    Evidence of the tax assessor for the first division of the Territory, having the custody of the assessment books for Honolulu, who produced a book which he said was the assessment book for the district for the year 1860, which was allowed in evidence although the assessor said that he did not know whether the book was genuine, and who also was permitted to read in evidence entries from a large number of assessment books containing entries of assessment of land described as "house lot at Kawaiahao," unidentified by award or patent, assessed to one Kaikainahaole with no evidence identifying him with the mortgagor in this case;

16.    Introduction in evidence of the mortgage with the affidavit of the mortgagee's attorney, McClanahan, of the proceedings taken at the foreclosure.    Objected to on the ground that the statute under which the foreclosure was made is unconstitutional;

17.    Deed from the mortgagee to the plaintiff.    Objected to on the ground that there was no evidence of the execution by Allen of the power of sale, the affidavit not being evidence if the statute was invalid.

18.    This exception is to the written decision of the court,— (1) that at the date of the mortgage to S. C. Allen, the mortgagor, J. W. Kaikainahaole, had title to the premises in dispute by adverse possession;    (2) and that he had this title at the date of his death, subject to the mortgage;    (3) and that findings 1 and 2 are made "irrespective of the tax books";    (4) "John W. Kaikainahaole is the common source of title of both plaintiff and defendants";    (5) that plaintiff obtained title to the property at the foreclosure sale under the mortgage and that the foreclosure and sale were valid;    (6) that plaintiff was

entitled to $3250 damages as "the fair rental value of the property during the period in dispute"; (7) that the defendants were in possession of the premises at the date of the institution of the action; and (8) that plaintiff is entitled to judgment for restitution of the premises and $3250 damages.

The Land Commission Award contained in the volumes of awards, although undated and unaccompanied by evidence that the persons signing the same as commissioners were authorized to make the award and the copy of the Royal Patent issued on the award, contained in Vol. 22 of Royal Patents, although the sheet had become loose and there was an unexplained erasure of its number and the insertion of another number in its place, were prima facie evidence that the land was awarded and patented to one Holualoa. (See Sec. 1936, R. L.)

The probate records were evidence that Kaina, Kaikaina or Kaikainahaole, evidently the same person, brought the proceedings referring to this land, and claiming it under an oral will of Holualoa. The defendant's plea of title in the land by adverse possession was prima facie evidence of his claim and assertion of title. The inventory filed by the defendant Koolau, as administratrix of the mortgagor's estate, was evidence that she claimed this land for the estate. The relevancy of the appointment of Koolau as guardian is not apparent but it could have harmed no one. The petition of the administratrix for an order of sale was evidence that she continued to claim the land as part of her husband's estate, and the same is true of her bill in equity which was sufficiently authenticated by the signature of the clerk of court to his certificate that she had sworn to its truth. The mother's admissions and claims would not be evidence against the minors, but even if the court treated them as evidence against the minors this would not be reversible error as enough evidence remained to show ten years' adverse occupancy by the mortgagor and his heirs. The assessor's books were not considered by the court and their admission in evidence was therefore harmless.

The defendants' claim that the "Act to Provide for the Sale of Mortgaged Property without Suit and Decree of Sale,"

Chap. 33, Acts 1874 (Sec. 2161, R. L.), is unconstitutional because failing to specify the kind and place of publication of notice of the mortgagor's intention to foreclose, was one of the grounds on which they brought a bill against this plaintiff and the trustees of the mortgagee to set aside the mortgage and for an injunction against an action of ejectment. The court said that, without implying that the contention was sound or that if the statute and therefore the sale were void, equity would set aside the sale, and if the statute were void in respect of its requirement of publication, "the sale might well be sustained as having been conducted in pursuance of the provisions of the mortgage irrespective of the statute or perhaps in pursuance of that portion of the statute which provides that such notices shall be given and such acts done as are authorized or required by the power contained in the mortgage." Ante, p. 54. Power of sale mortgages were commonly used here long prior to 1874.

In this view, which we affirm, the foreclosure sale, made pursuant to the power in the mortgage, was valid and barred the mortgagor and those claiming under him from all right in equity to redeem the mortgaged premises on payment of the debt and interest. It would be unnecessary, unless made so by statute or by the terms of the mortgage, that any notice should be given to the mortgagor, or those holding under him, of the mortgagee's intention to foreclose upon breach of condition. But the statute, as well as the power, requires publication of the notice in the Hawaiian and English languages for three consecutive weeks before the sale. The court would not permit this requirement of the statute to be disregarded or its effect to be nullified by an illusory or an evidently fraudulent publication, such, for instance, as a publication made orally or in some remote out of the way place with the evident intention of defeating its object. When such instances shall occur they will be dealt with by a court of equity; but the fact that the statute makes such evasive publications possible, if it does, is not ground for holding that it is invalid.

In conformity with this ruling the affidavit of the mortgagee's attorney was evidence of the matters therein stated, namely, that the mortgagee had "in all respects complied with the requisitions of the power of sale in relation to all things to be done by him before selling the property." Sec. 2163, R. L.

The plaintiff unnecessarily undertook to show the mortgagor's title and the court found that it was shown by the evidence. The defendants claim that the evidence was wholly insufficient to sustain the finding of a title by adverse possession in the mortgagor, but we think that the evidence sustains the finding. It was, however, unnecessary to prove the title. All that the plaintiff need to have done was to show that the defendants claimed the land as widow and heirs of the mortgagor and under no other claim. The rule that a plaintiff must recover solely upon the strength of his own title and not upon the defendant's lack of title does not require proof of the title under which both sides claim. Having first ascertained, as the plaintiff could easily have done by evidence in the absence of pleadings, that the defendants claimed no other right than that which the mortgagor had, which was subject to the mortgage, the plaintiff's right to the land was thereby determined upon showing the foreclosure sale made to him in the exercise of the power contained in the mortgage. This would have dispensed with all the rest of the evidence introduced by the plaintiff, with the defendants' objections and with the rulings, exceptions and findings relating to it, for they were of no sort of use in determining the plaintiff's right.

The defendants, in argument of their exception to the finding that each of the defendants was in possession at the date of the institution of the action, say that the minor defendants were not of an age making them capable of committing the tort, alleged in the declaration, that they had "unjustly and contrary to law and the rights of the plaintiff taken into their possession and converted to their own use" the land in question. It is claimed that the court improperly assumed that these minors, by living with their mother upon the premises, committed the tort of disseizin.

The answer filed in behalf of the minor defendants by their guardian ad litem, denying the plaintiff's right to the possession of the land, authorized the ruling that they were holding possession against the plaintiff's right. Of course there could be no such thing as "conversion of the land." This expression, in the statutory form, referring only to personal property, may be treated as surplusage.

No question is made about the amount of damages awarded.

Exceptions overruled.

*E. B. McClanahan (Kinney, McClanahan & Derby* on the brief) for plaintiff.

*C. W. Ashford* for defendants.