## ANE KAEHU v. MEEAU NAMEALOHA.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

ARGUED OCTOBER 9, 1911.                    DECIDED OCTOBER 23, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TENANCY IN COMMON—*ouster—answer, effect of.*

    Where the plaintiff in an action of ejectment sues for and claims the entire interest in and the right to the possession of

all the land involved in the action, and the defendant, instead of claiming only a moiety, files an answer denying generally all the allegations contained in the plaintiff's complaint, the answer constitutes ouster, and relieves the plaintiff from the necessity of proving it by any other evidence.

In.—*recover to extent of title.*

A plaintiff in ejectment may take judgment as co-tenant according to the extent of his title.

### OPINION OF THE COURT BY DE BOLT, J.

This was an action of ejectment and was tried by the court, jury waived, the decision being that the plaintiff and the defendant, together with another, were tenants in common of the land in controversy, and that the plaintiff take nothing. The plaintiff having excepted to the decision generally, without alleging any error in particular, her bill of exceptions was dismissed. *Ante,* 350. Thereafter the plaintiff sued out a writ of error which was quashed on the ground that final judgment had not been entered. *Ante,* 516. The case being remanded the circuit court filed a so-called "revised decision," which, in addition to the finding that the plaintiff and the defendant, together with another, were tenants in common, set forth reasons and findings not contained in the first decision, which, in substance, were that the plaintiff had not made it certain what lands she claimed; that the description given was not sufficient to identify the lands; that there was a failure of proof as to ouster of the plaintiff by the defendant, hence the defendant was entitled to judgment.

The purpose in filing the "revised decision" is not entirely clear, but it may be assumed that the circuit judge, as well as counsel, had some doubt as to the sufficiency of the reasons given in the first decision, in view of the requirements of Act 117 of the Laws of 1909. Be that as it may, the "revised decision" was filed without any objection by counsel, and in view of the fact that the right of the circuit judge in filing it has not been questioned, we will assume for the purposes of this

case that it was the decision of the court such as is contemplated by the statute alluded to.

Upon this decision being filed judgment was entered "that plaintiff take nothing in this action, that defendant go hence without day, and that defendant have judgment for costs; to which judgment and decision the plaintiff duly excepted and which exception was allowed."

It was admitted by both parties to the action at the time that one Keku (k) was the common source of title to the land in controversy and that he died intestate, seized of the land in fee simple. The question thus presented is, who were the heirs of Keku? The plaintiff claims the entire interest in the land by virtue of a deed executed to her by Kaapuni (w) and Kahiamoe (w), who were, as she contends, the only heirs of Keku —his next of kin. The defendant during the trial admitted the relationship of Kaapuni and Kahiamoe to Keku, but she contends that they only inherited an undivided one-half interest, and that she, as the daughter and sole heir of one Halauai (w), was likewise an heir of Keku, and as such inherited the other undivided one-half interest in the land. The plaintiff contends that there never was any such person as Halauai.

The plaintiff's contention that Kaapuni and Kahiamoe were the only heirs of Keku is based upon the following relationship, namely: That Kaliloa, Kauhaa and Kaainoa were sisters; that Kaliloa was the mother of Kaapuni and Kahiamoe; that Kauhaa was the mother of Uluhea (w) and Wailiilii (k); that Uluhea was the mother of Keku; that Kaainoa had no children; and that all the persons thus named, as well as all other persons possessing inheritable blood, were dead, leaving Kaapuni and Kahiamoe as the next of kin and only heirs of Keku. The defendant, while she admits the relationship of the persons just named, contends that Halauai was a sister of Kaliloa, Kaainoa and Kauhaa. The trial court found in favor of this contention; and, aside from the admissions by the par-

ties, there was evidence tending to support the respective claims of each party upon the question as to the relationship of Halauai to Kaliloa, Kauhaa and Kaainoa. This was purely a question of fact, and, like all other facts involved in the case, exclusively within the province of the trial court to determine. This court has repeatedly held that in a jury waived case, the findings of fact by the trial court, when there is evidence tending to support them, have the same force as the verdict of a jury.

The plaintiff also contends, in the event that the view of the defendant as to the existence and relationship of Halauai to Kaliloa, Kauhaa and Kaainoa should be accepted by the court, that upon the death of Keku the land passed to his uncle, Wailiilii, and Wailiilii and Kahiamoe having intermarried, upon the death of Wailiilii, leaving no heirs other than his widow, Kahiamoe, the land passed to her, which she conveyed to the plaintiff by the deed signed by herself and Kaapuni. In this view of the case Kaapuni, of course, conveyed nothing by that deed, because she had nothing to convey. But there is absolutely no evidence tending to sustain this claim. The defendant offered no evidence at all upon this phase of the case, but the testimony of the plaintiff herself and that of her own witnesses is clear and conclusive that Wailiilii died several years before Keku died; consequently Kahiamoe, as the widow of Wailiilii, inherited no interest whatever in the land. The plaintiff's claim thus made is obviously without merit.

The plaintiff's exception to the "judgment and decision" was on the following grounds: "1. It should have been decided, that Kahiamoe, as widow of Wailiilii, inherited the whole fee and conveyed it to the plaintiff· 2. It should have been decided, that whether or not, as such widow, she was the sole heir of Wailiilii, she, in any· event, would be a tenant in common with others to the exclusion of the defendant. 3. It should have been decided there was no evidence to show that the de-

fendant's mother was a sister of Kauhaa (w), and, therefore, that the defendant was a tenant in common with the plaintiff's grantors Kaapuni (w) and Kahiamoe (w). 4. Assuming the plaintiff and defendant are tenants in common of said lands, which plaintiff denies, it should have been decided the plaintiff take an undivided interest. 5. Assuming there is no evidence of title by inheritance, in either the defendant, or the plaintiff's grantors, it should have been decided that the plaintiff recover the premises by right of prior possession."

With regard to the sufficiency of the description of the land, it may be observed that it was set forth in the pleadings in the usual manner, that is to say, by giving the numbers of the royal patents and of the land commissioners' awards, as well as by setting out the metes and bounds, and the royal patents and awards were offered in evidence. This we think was sufficient. The question litigated was one of title and not of boundaries. Therefore, as regards the sufficiency of the description of the land the circuit judge was in error.

Neither can we agree with the circuit judge in his view that the plaintiff take nothing because she did not adduce evidence to prove ouster by the defendant. Under the pleadings in this case it was not incumbent on the plaintiff to adduce any evidence of ouster. The plaintiff, by her complaint, as well as at the trial, claimed the entire interest in and the right of possession to all the land involved in the action. The answer filed by the defendant denying the plaintiff's title and right to the possession was a confession of ouster and rendered the proof thereof unnecessary on the trial. *Carter* v. *Kaikainahaole,* 17 Haw. 528, 536; Newell on Ejectment, 133.

In *Nahinai* v. *Lai,* 3 Haw. 317, 318, the court said: "If the defendant claim as sole heir, and the tenant fail to suggest that he claims but a moiety, I think the demandant may treat him as claiming the whole, and as a disseizor of whatever portion he may himself be entitled to."

Moreover, the question of ouster does not seem to have been raised by counsel for the defendant, but only by the circuit judge in the "revised decision." Counsel do not even allude to it in their brief. *Territory* v. *Puahi,* 18 Haw. 649, 655; *Uuku* v. *Kaio,* ante, 567, 572.

A plaintiff in ejectment may recover as co-tenant to the extent of the title proved by him. *Nahinai* v. *Lai,* supra; *Un Wong* v. *Kan Chu,* 5 Haw. 225, 227; *Ching On* v. *Amana,* 6 Haw. 625, 626; *Aylett* v. *Keaweamahi,* 8 Haw. 320, 328. The fact that the plaintiff in the case at bar proved title to an undivided interest only, if she did so prove, did not debar her from recovering to that extent.

The exception is sustained, the decision and judgment against the plaintiff is set aside and vacated, and a new trial granted.

*T. M. Harrison* for plaintiff.

*D. H. Case* and *Enos Vincent* for defendant submit the case on a brief.