# KAAHANUI *v.* DAVID KAOHI.

## No. 1070.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
### HON. S. B. KEMP, JUDGE.

ARGUED MAY 31, 1918.                    DECIDED JUNE 1, 1918.

QUARLES J., AND CIRCUIT JUDGES ASHFORD AND EDINGS IN PLACE OF COKE, C.J., AND KEMP, J., DISQUALIFIED.

COTENANCY—*adverse possession.*

> The plaintiff, who held the legal title to less than one-half of the land in controversy and which was owned in cotenancy, actually occupied for more than forty years about one-half of the land claiming a one-half interest therein (the other half being occupied by a cotenant, admitted to be the owner thereof,) by such adverse possession and user acquired title to a small interest in the land the title to which otherwise would have been in a third cotenant who did *not during the time claim any interest in the land.*

SAME—*same.*

> One cotenant in common may acquire the title of a cotenant by adverse possession where the one ousts the other and claims the title which the other held, all of the necessary elements of adverse possession being present.

OPINION OF THE COURT BY QUARLES, J.

This is an action to quiet title under the statute. The plaintiff claims in his complaint title to all of a certain described tract of land which descended from Piko, the original awardee, who died intestate in 1853, leaving no children surviving him, the land going one-half to his wife who survived him and the other half to four nephews and nieces, of whom the plaintiff is one. The widow died soon after the death of Piko leaving surviving her a daughter, Pakina, from whom the defendant has succeeded to the

one-half interest inherited by his grandmother from Piko. Of the nephews and nieces two died without issue, their interests going to the remaining two, Kaahanui, the plaintiff, and Kahahana. Kahahana died leaving a daughter, Niau, who died leaving a son, Kaimiola. In his answer the defendant denied that title was in plaintiff and claimed title in himself to all of the land. The court found the facts as to the descent of the land as above stated and further found: "In 1869 prior to the death of Kahahana through whom the disputed interest must come the plaintiff went into possession of a part of the land claiming to be the owner of an undivided one-half interest therein (the remainder being occupied by Pakina the then owner of the other one-half interest). There was then and has at all times since been two sets of improvements on the land. One set has been occupied continuously by the plaintiff together with about one-half of the land and the other set together with the remaining land has been continuously occupied by Pakina and her descendants." The court also found that Kaimiola deeded in 1913 to the defendant his interest in the land under which deed the defendant claims an undivided one-fourth interest in the land, which, added to the one-half admitted to be owned by him, makes an undivided three-fourths interest in the land in him if his claims are sustained. The court decided that the interest which has or would have descended to Kaimiola was lost to him and vested in the plaintiff by adverse possession and adjudged the plaintiff to be the owner of an undivided one-half interest in the land, and judgment to that effect was duly entered. To the decision and judgment the defendant excepted and the cause comes here upon exceptions.

The defendant contends that the decision is erroneous for the reason that the plaintiff being a cotenant in common and admitting the cotenancy of defendant, the occupancy of plaintiff and defendant being a joint occupancy

or as tenants in common, plaintiff cannot rely on such occupancy as being exclusive and adverse to the third tenant in common, and this presents the only question calling for our decision.

That one tenant in common may acquire the title of a cotenant by adverse possession is well recognized (*Nahinai v. Lai,* 3 Haw. 317; *Kauhikoa v. Hobron,* 5 Haw. 491; *Aiona v. Ponahawai Coffee Co.,* 20 Haw. 724) where the one ousts the other and claims the title which the other did hold, all of the necessary elements of adverse possession being present. Here the plaintiff occupied and claimed about one-half of the land under claim of ownership of a one-half interest for a period of nearly fifty years, the defendant occupying and claiming the other half until 1913, when the defendant obtained a deed from Kaimiola who it is not found ever prior to that time claimed any interest in the land. We are bound by the facts found by the trial court and cannot presume the existence of any fact not shown in the findings as the evidence is not before us, for which reason that part of the exception to the decision that it is contrary to the evidence cannot be considered. We think that the decision and judgment are correct and that the plaintiff has succeeded by long continuous adverse possession and user to the interest which otherwise would have passed to Kaimiola and from him, by virtue of his deed made in 1913, to the defendant. All of the elements of adverse possession, according to the findings of fact made by the trial court, were present. The plaintiff, who held the legal title to less than one-half of the land in controversy and which was owned in cotenancy, actually occupied for more than forty years about one-half of the land claiming a one-half interest therein (the other half being occupied by a cotenant, admitted to be the owner thereof,) by such adverse possession and user acquired title to a small interest in the land the title to which otherwise would have been in

a third cotenant who did not during the time claim any interest in the land.

The exceptions are overruled.

*A. Lindsay* (*Mott-Smith & Lindsay* on the brief) for plaintiff.

*E. K. Aiu* for defendant.