## MRS. ANTONE MORANHO v. HENRY DE AGUIAR.

### No. 1223.

ERROR TO CIRCUIT COURT THIRD CIRCUIT.
REHEARING.
HON. J. W. THOMPSON, JUDGE.

ARGUED JANUARY 9, 1920.              DECIDED JANUARY 16, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

EJECTMENT—*tenancy in common—judgment.*

> The rule obtaining in this jurisdiction is that a plaintiff who has been ousted may in an action in ejectment have judgment to the extent of the title proved by him as against his cotenant in possession.

EQUITY—*partition—trial of title.*

> Before a court of equity will assume jurisdiction in a suit for partition the legal title of the property must first be set at rest.

OPINION OF THE COURT BY COKE, C. J.

An opinion in the above entitled cause was handed down by this court on December 15, 1919 (*ante* p. 267), wherein

it is held *inter alia* that the plaintiff's remedy is by partition in equity and not by an action in ejectment. The judgment of the lower court in favor of plaintiff was reversed and the cause remanded. The plaintiff filed a petition for rehearing alleging that certain conclusions of this court are contrary to the settled law in this jurisdiction. The petition for rehearing was granted and the cause was reargued and is again before us for a review of our former opinion. A history of the cause, which it is unnecessary to repeat here, is to be found in the former opinion of this court. The facts as set forth and the conclusions of law contained in the fore part of the opinion are in accord with the record and sound principles of law. In the concluding paragraphs of the opinion, however, it is held that " 'if a tenant in common desires to have sole and exclusive possession of his interest in the common property he can only seek his remedy in partition.' 38 Cyc. 17-19," that "the plaintiff's remedy in this case was not an action in ejectment but if she desires to obtain possession of her interest in the lands in question her remedy is by partition," and that "the defendant's assignments of error to the decision and judgment of the court are sustained and the judgment of the circuit court is reversed and the cause remanded." This is in line with the common law rule which still prevails in some jurisdictions but constitutes a departure from the principles of law adopted in these islands many years ago and which have repeatedly had the sanction of this court. The rule obtaining in this jurisdiction is that a plaintiff who has been ousted may in an action in ejectment have judgment to the extent of the title proved by him as against his cotenant in possession. The answer filed by defendant herein constituted a confession of ouster (*Nahinai* v. *Lai*, 3 Haw. 317; *Kauhane* v. *Kalu*, 4 Haw. 144; *Ching On* v. *Amana*, 6 Haw. 625; *Kaehu* v. *Namealoha*, 20 Haw. 648, 653; Newell on Ejectment 133). Also

that before a court of equity will assume jurisdiction in a suit for partition the legal title of the property must first be set at rest (*Wailehua* v. *Lio,* 5 Haw. 519; *Peters* v. *Kaanaana,* 10 Haw. 384, 386; *Kaneohe Rice Mill* v. *Holi,* 20 Haw. 609; *Brown* v. *Davis,* 21 Haw. 327, 329).

Applying these principles to the case at bar it follows that plaintiff is entitled to an undivided five-sixths interest in the property awarded to her in the partition proceedings referred to in our former opinion and the defendant is entitled to a one-sixth interest therein.   Lot No. 11 being the only parcel involved in this action the plaintiff should have judgment against the defendant for an undivided five-sixths interest in said lot.   The circuit court erroneously held that the defendant has no interest in the property and that plaintiff was entitled to the possession of the whole thereof.

For the reasons hereinabove assigned all that portion of the former opinion of this court hereinbefore quoted should be and the same is hereby rescinded, revoked and set aside and the judgment of the circuit court is reversed and the cause is remanded to the court below with instructions to enter judgment in favor of plaintiff and against defendant for an undivided five-sixths interest in the land involved in this controversy.

*I. M. Stainback* (*W. H. Beers* with him on the brief) for plaintiff in error.

*A. G. M. Robertson* (*Robertson & Olson* on the brief) for defendant in error.