SARAH BUSH PETERS *v.* MARGARET H. KUPIHEA, ALSO KNOWN AS HATTIE KUPIHEA.

NO. 2828.

ARGUED MARCH 12, 1952.     DECIDED MARCH 21, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This case involves ownership of certain lands covered by Royal Patent 3919, Land Commission Award 3413B, issued to Kaaki. Both parties claim through Kaaki as a common source of title.

Kaaki died intestate in 1865 and on October 11, 1881, petition for the issuance of letters of administration was filed by his widow, Kalaoa, requesting the appointment of J. Kakina as administrator. The inventory filed in February, 1882, by the administrator showed the estate to consist only of this land in dispute.

In 1887 the administrator filed his final report and petitioned for approval of his accounts, for distribution and for his discharge. At the hearing on the petition in January, 1888, the court found the persons entitled to the real estate and their respective interests to be: Kalaoa, the widow, one-half; Kawainui, one-fourth; Ikeole, one-eighth; and Kina, one-eighth.

Lioi, wife of James W. Bush, died prior to his death and James W. Bush thereafter married the plaintiff herein. James W. Bush died in April, 1906.

By quitclaim deed dated in December, 1931, "Joseph" Ikeole sold and conveyed to Mrs. Mary Kaiona Makanani all of his right and interest in the property under dispute. Mrs. Mary Kaiona Makanani died leaving her husband, William K. Makanani, as her only heir at law and by deed in 1938 William K. Makanani, widower, sold and conveyed to Mrs. Margaret Kupihea, the defendant herein, all of his interest in the said land.

In the meantime and prior to the termination of the

probate proceedings, on March 21, 1883, Kalaoa, the widow, purported to convey by deed the whole of said land to James W. Bush and on June 4 of the same year Bush and his wife, Lioi, leased to Ai, also known as Aiko, a portion of said land for the term of seven years, reserving three taro patches on the south side of Kealia street and certain "kula" (dry land). The evidence is undisputed that the Chinese lessee entered upon the land and occupied and made use of the premises leased to him and that the deed to James W. Bush was duly recorded in the Hawaiian bureau of conveyances.

The trial judge found that there was "lack of any proof, or evidence, whatsoever, tending to prove — and there is not even any recitation in the deed to the effect — that the grantor, 'Joseph Ikeole,' was the 'Ikeole' of the probate proceedings under Probate No. 523, in re estate of Kaaki, deceased, and found by Judge Hardy on February 28, 1888, to be entitled to one-eighth (⅛) of the land in controversy herein. The deed makes no reference to inheritance from Kaaki; neither does it mention Kaaki, or Royal Patent 3919, or Land Commission Award 3413B (or 3413)."

The trial judge stated that he had been unable to find anywhere throughout an examination of the probate proceedings any mention of the name "Joseph" as being the given name of the therein mentioned Ikeole; that "in view of the aforesaid and the fact that there was a lapse of forty-three (43) years, plus a few months, between the conclusion of the probate proceedings, under Probate No. 523, on February 28, 1888, and the execution by 'Joseph Ikeole' of the deed to Mary K. Makanani on December 19th, 1931, and there is no evidence whatsoever as to the whereabouts of either 'Ikeole' or 'Joseph Ikeole' at any time during such long period, it would be unwarrantable to indulge in any presumption that, because of the said deed having been executed, the grantor, styled 'Joseph Ikeole' was the

'Ikeole' of the proceedings under Probate No. 523, or one who inherited from the latter."

After thus finding that there was no showing that the Joseph Ikeole, grantor in the quitclaim deed of Ikeole to Mrs. Mary Makanani of all of his right, title and interest in and to the property herein under dispute was the Ikeole mentioned in the probate proceedings, the court further found that upon the death of James W. Bush his widow lived on the land under color of title acquired by James W. Bush in the deed from Kalaoa in 1883 and that said Bush in person and by tenant had had possession and occupancy of the entirety of the land from March 21, 1883, until his death on April 24, 1906, a period of twenty-three years, and that from April 24, 1906, to June 16, 1938, a period of over thirty-two years, the plaintiff herein had like possession and occupancy of the entirety of the land, that during these two long periods of time neither Bush nor plaintiff herein, after his death, was disturbed in occupancy or possession and that the possession and occupancy of each successively was under claim of title to the entirety of the land and was "open, notorious, continuous, hostile, exclusive and adverse against the whole world and all other persons." The judge also, in commenting on the testimony of the witnesses, stated that he was impressed with and gave credence to the plaintiff as the more credible witness than the defendant; that the defendant's testimony was not supported by other credible evidence.

The defendant claims that there cannot be any adverse possession by one cotenant against another until actual ouster, or exclusive possession after demand, or express notice of the adverseness of his possession; that the possession of one tenant in common is the possession of all. That, of course, is correct; however, if the prescriber does not enter into possession as the cotenant but as the owner of the entire estate under a color of title extending to the

whole estate where for instance, as in this case, one buys from one who is in fact a cotenant but who undertakes to convey the entire estate, his possession is adverse to those who might otherwise be treated as his cotenants. In this case we have the recording of this deed plus the exclusive use and possession over the period of some forty-three years.

*Clymer et al.* v. *Dawkins et al.,* 44 U. S. 674, states: "The entry and possession of one tenant in common, is ordinarily deemed the entry and possession of all the tenants; and this presumption will prevail in favor of all, until some notorious act of ouster or adverse possession by the party so entering is brought home to the knowledge or notice of the others. When this occurs, the possession is from that period treated as adverse to the other tenants. * * * But if the occupants entered into possession and held the lands for more than twenty years before the commencement of the suit, by a purchase and claim thereof in entirety and severalty, and not an undivided part thereof, in cotenancy, it is an adverse possession, and the Statute of Limitations is a good plea." To the same effect see: *Nahinai* v. *Lai,* 3 Haw. 317; *Kauhikoa* v. *Hobron,* 5 Haw. 491; *Aiona* v. *Ponahawai Coffee Co.,* 20 Haw. 724; *Kaahanui* v. *Kaohi,* 24 Haw. 361.

There is sufficient evidence to sustain the finding of the trial judge that adverse possession had run against the outstanding interest of a cotenant even assuming that "Joseph Ikeole" was the same "Ikeole" mentioned in probate proceedings number 523.

Exceptions overruled.

*E. K. Aiu* (also on the brief) for appellant.

*E. E. Wiles* (*Mirikitani & Wiles* on the brief) for appellee.