HOWARD O. REDFEARN, Plaintiff-Appellant, *v.* KUHIA, or his heirs, et al., Defendants-Appellees

No. 5134

March 9, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This appeal arises out of an action to quiet title brought by plaintiff-appellant, Howard O. Redfearn, on February 16, 1962. The property in question is a 350-acre strip of land in the South Kona District of the Island of Hawaii. The property was originally included within Grant 2572 made to Kuhia on May 27, 1859. This grant, consisting of 772 acres, was acquired by deed by D. L. Keliikuli who did not have good paper title. However, D. L. Keliikuli is the common source of appellant's and appellee's titles. On March 10, 1882, D. L. Keliikuli conveyed the property as follows: 350 acres to Kaanaana, 350 acres to Keliikuli II and 72 acres to Julia Hulu Keliikuli. These grantees partitioned the land by deed dated July 20, 1895. It is the parcel allotted to Kaanaana that is the subject of this appeal.

Kaanaana distributed the 350 acres in the following manner: On March 19, 1898, he mortgaged an undivided 250 acres to S. F. Cartwright. This mortgage was duly foreclosed and title to the 250 acres passed to F. Wundenburg by deed dated July 26, 1907. On February 2, 1910, the remaining 100 acres were conveyed to Rebecca K. Achi and W. C. Achi, Jr. On September 15, 1939, Kaanaana purported

to convey an additional 300 acres to Adolph Bode and Mary Kupawai Bode. The 250-acre interest of F. Wundenburg ultimately passed to defendant-appellee Yee Hop, Limited, by an unbroken chain of title. Appellant received conveyances from the Achis on January 9, 1946 and from the Bodes on August 27, 1945.

Appellant claimed title to the entire 350-acre tract through the deeds from the Achis and the Bodes. In addition, appellant alleged that he and his predecessors in interest acquired title to the subject land by reason of adverse possession. As to the Bode deed, the trial court ruled that Kaanaana "had nothing to convey" when he executed the deed to the Bodes; and since the Bodes received nothing, they could convey nothing to appellant. The Achi deed, on the other hand, was sound and entitled appellant to the 100 acres conveyed. Appellee's predecessor in title had title to 250 acres at a date much earlier than when appellant acquired any interest in the property. Hence, when appellant acquired the Achis' interest on January 9, 1946, appellee and appellant became tenants in common in the property. This finding by the trial court concerning the parties' interest by paper title is not challenged.

As to appellant's claim to the entire 350 acres by reason of adverse possession, the trial court found that appellant was in adverse possession of the 50 acres which are situated on the mauka side of a government road which traverses the property. However, with respect to the 300 acres situated on the makai side of the government road, the court found that appellant had not established by clear, positive and sufficient proof an ouster of appellee. The trial court concluded that title to the 300 acres on the makai side of the government road was held by appellant and appellee as tenants in common. Each party's interest in these 300 acres was determined to be in proportion to the original conveyances made by Kaanaana: two-sevenths to appellant and five-sevenths to appellee. It is this finding which appellant appeals.

Appellant raises several points on appeal. However,

determination of one issue is dispositive of this appeal. The determinative question is whether cotenant Redfearn, appellant, successfully effected an ouster or disseisin of cotenant Yee Hop, Limited, appellee. We believe appellant failed to accomplish the requisite ouster or disseisin of appellee, and thereby failed to establish his claim to the disputed property by reason of adverse possession.

This is a case involving cotenants. In such cases, the requisite sufficiency of evidence differs with cases involving third parties. Even in cases involving third parties, the law presumes that possession by the adverse possessor is in subordination to that of the rightful owner. Thus, title by adverse possession must be established by clear and positive proof. *Territory v. Pai-a*, 34 Haw. 722, 726 (1938).

In disputes between cotenants, the presumption is that a cotenant in possession does not occupy the premises adversely to his cotenants but in common with them. *Yin v. Midkiff*, 52 Haw. 537, 541, 481 P.2d 109 (1971); *Aiona v. Ponahawai Coffee Co.*, 20 Haw. 724, 727 (1911); *Haw. C. & S. Co. v. Waikapu S. Co.*, 9 Haw. 75 (1893); *Nakuaimanu v. Halsted*, 4 Haw. 42 (1877). The rationale underlying this rule is persuasive. Each cotenant is entitled to enter and occupy the common property. The cotenant in possession is deemed to hold the property permissively. Hence, the remaining cotenants are justified in assuming that the cotenant in possession is not asserting a claim of exclusive ownership.

This presumption may be overcome only by conduct of one cotenant which constitutes an ouster or disseisin of the other cotenants. *Makainai v. Lalakea*, 24 Haw. 268 (1918); *Haw. C. & S. Co. v. Waikapu S. Co.*, supra; *Nakuaimanu v. Halsted*, supra. An ouster is the wrongful dispossession or exclusion from the disputed property of a party who is entitled to possession. *Haw. C. & S. Co. v. Waikapu S. Co*, supra at 80. What conduct amounts to an ouster is the central issue in this case. Earlier, this court held that ouster must be (1) "actual," meaning a physical dispossession or (2) its equivalent: a demand for possession by the cotenant

out of possession and a refusal by the cotenant claiming by reason of adverse possession. *Nakuaimanu v. Halsted, supra* at 43. More recently, this court found that the cotenant claiming through adverse possession must show certain essential requirements which amount to an ouster: (1) a clear intent to claim adversely; (2) adverse possession in fact; and (3) knowledge or notice of the hostile holding brought home to the other cotenant or cotenants. *Yin v. Midkiff,* 52 Haw. 537, 540, 481 P.2d 109 (1971). In *Yin,* we held that where the cotenants are closely related by blood ties, the burden of the cotenant claiming adversely is intensified, and requires the additional element of "actual knowledge" of the adverse possession.

In the instant case, we believe no ouster was shown and appellant's claim to the property in question must thereby fail. No ouster was shown because appellant failed to satisfy an elementary requirement which inheres in the essential elements of ouster: exclusion of the other cotenant from possession. *Magoon v. Hong Yee Chuck,* 31 Haw. 796, 798 (1931). Appellant's failure to exclude appellee from the property was crucial. First, it precluded a showing of appellant's clear intent to claim adversely. Second, it indicated appellant's possession was of an equivocal nature and, hence, insufficient to evince an assertion of ownership which excluded appellee's interests. Third, it did not bring home to the appellee notice of the hostile holding; rather it provided a signal to appellee that appellant's possession was in common with that of appellee.

The trial court found that appellant failed to oust appellee. It concluded that "[w]ith regard to the lands makai of the government road, Plaintiff's evidence has not established by clear, positive and sufficient proof an ouster of the other cotenant, Yee Hop, Limited, or that Plaintiff had actual adverse possession of the entire makai lands for the statutory period." This finding is well supported by the evidence which showed conclusively that appellant did not exclude appellee from the property. Appellee continuously utilized the makai property for the raising of goats and cattle commencing prior

to the time appellant acquired his title to the time that this action was brought in 1962. The area was used as a part of the Yee Hop Ranch. Cattle were permitted to range throughout the entire makai land; appellee cultivated various types of grass to feed the cattle. In addition, appellee erected a fence in 1951 to contain the cattle on the land for grazing purposes.

During this period of utilization by appellee, at no time did appellant exclude appellee from the property. Appellant did not put appellee out of possession. Appellant did not provide appellee with notice or drive home to appellee that he, appellant, was asserting a claim of exclusive ownership. In fact, appellee's conspicuous utilization of the property served to indicate that the parties were enjoying use of the land in common.

Appellant's failure to take exclusive possession of the property infects also his claim to the land by reason of his entry not as cotenant but as the owner of the entire property under a color of title encompassing all of the land in dispute. Appellant's reliance upon *Peters v. Kupihea,* 39 Haw. 327 (1952) is misplaced. Unlike the instant case, *Peters* involved "the recording of this deed *plus the exclusive use and possession* over the period of some forty-three years." *Peters v. Kupihea, supra* at 331 (emphasis added). As pointed out in *Bellis v. Bellis,* 122 Mass. 414, 417 (1877), the requirement of exclusive possession is essential:

> The respondent contends that the general rule is, that "when a person enters into land under a deed, his possession is construed to be coextensive with his deed or title, and although the deed may turn out to be defective or void, yet the true owner will be deemed disseised to the extent of the boundaries of such deed or title." But the rule has this qualification, that the possession must be exclusive; and, if the true owner is in actual occupation of a part of the land described in the deed, the disseisin of the person entering will not extend to that part.

See also 6 R. POWELL, THE LAW OF REAL PROPERTY,

§ 1017, at 738 (1969).
Judgment affirmed.

*William R. Schoen (Schoen & Lebb* of counsel) for plaintiff-appellant.

*Roy K. Nakamoto* for defendant-appellee.